**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| TIVO INC., | |
| Plaintiff, | Case No. 2:15-cv-1503 |
| vs. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC., | |
| Defendants. | |

**COMPLAINT FOR PATENT INFRINGEMENT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff TiVo Inc. ("TiVo") hereby pleads the following claims for relief against Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung" or "Defendants") and alleges as follows:

## THE NATURE OF THE ACTION

1.      TiVo is a pioneer in home entertainment.  TiVo was founded in 1997 and created the first commercially viable digital video recorder ("DVR").  TiVo revolutionized the way people access and watch television and multimedia entertainment.

2.      TiVo DVRs are now so well-known it is hard to imagine how things were before they were introduced.  Before TiVo, the television experience involved watching a

television program on a TV as it aired or perhaps recording the program on a videotape with a video cassette recorder or "VCR."   VCRs relied on timers that were difficult to program and made recording unreliable.   TiVo transformed the television watching experience.  VCRs became history.

3.      After a heralded debut at the 1999 Consumer Electronics Show, TiVo released its first digital recorder product in early 1999.  The TiVo DVR utilized a novel architecture for the device to handle the vast amounts of data in television programs, making possible the simultaneous storage and playback of multimedia data.   Live television could be controlled with responsive and smooth "trickplay" functionality—the viewer could, for example, rewind, pause, play, or fast-forward the content as it was being received.   More recently, mobile devices such as smartphones and tablets are increasingly used to access multimedia content.   TiVo's novel architecture also allows users of those mobile devices to simultaneously store and play back multimedia data as it is being downloaded to the device.

4.      The technology TiVo developed has received wide acclaim and recognition for fundamentally changing the way people watch television and access multimedia content.   For example, USA Today named TiVo one of the top twenty-five inventions that changed our lives.  PC World Magazine named TiVo one of the 50 greatest gadgets of all time.   CNET in 2005 listed TiVo as number two on the Top 10 Products over the previous ten years.   The original TiVo DVR was in the United States Patent and Trademark Office National Inventors Hall of Fame.

5.     TiVo's hard work and ingenuity in the field of digital video recording technologies has resulted in extensive intellectual property protection for TiVo's innovations. This protection includes more than 160 issued United States patents on TiVo's inventions as well as more than 320 pending patent applications. TiVo's patented inventions relate to digital video recording, personal television, and multimedia signal processing, among many others.

6.     TiVo has expended substantial time and resources in order to secure and protect its intellectual property rights, including taking steps to enforce its patent rights against those who used TiVo's patented innovations for their own benefit without permission from TiVo. For example, TiVo has enforced its patent rights in this judicial district against EchoStar, AT&T, Verizon, Motorola Mobility, and Cisco. The total of awards and payments to TiVo from EchoStar, AT&T, Verizon, Motorola (then owned by Google), and Cisco with respect to TiVo's intellectual property is in excess of approximately $1.6 billion.

7.     Samsung is utilizing TiVo's patented inventions without license or authority from TiVo. Samsung is capitalizing on TiVo's innovation and success by selling DVRs and mobile devices including smartphones and tablets that infringe TiVo's patents.

8.     TiVo has brought this action to remedy Samsung's infringement.

## THE PARTIES

9.     Plaintiff TiVo is a corporation organized and existing under the laws of Delaware with a principal place of business at 2160 Gold Street, Alviso, California

95002-2160.  TiVo has become a leading provider of technology and services for digital video recorders, and has millions of subscribers.

10.    Defendant Samsung Electronics Co., Ltd. ("Samsung Ltd.") is a corporation organized and existing under the laws of Korea with a principal place of business at Samsung Electronics Bldg., 1320-10, Seocho-2-dong, Seocho-gu, Seoul 137-857, Republic of Korea.  TiVo is informed and believes, and on that basis alleges, that Samsung Ltd. is one of the world's largest electronics companies.  Samsung Ltd. designs, manufactures and provides to the United States and world markets a wide variety of products and services, including consumer electronics, semiconductors, computer components, and mobile phones and tablets, including set top boxes with DVR functionality, among others.

11.    Defendant Samsung Electronics America, Inc. (referred to individually herein as "SEA") is a corporation organized and existing under the laws of New York with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  TiVo is informed and believes, and on that basis alleges, that SEA is a wholly-owned subsidiary of Samsung Ltd. and that SEA markets, offers for sale, and sells a variety of consumer electronics, including set-top boxes with digital video recording (DVR) functionality, along with various other products and services.  TiVo is informed and believes, and on that basis alleges, that SEA also manages and oversees, among other businesses, Samsung Telecommunications America, Inc., Samsung's North American business with respect to mobile phones and telephony equipment.

12.     Defendant Samsung Telecommunications America, LLC (referred to individually herein as "STA") is a Limited Liability Company organized and existing under the laws of Delaware with a principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082.   TiVo is informed and believes, and on that basis alleges, that STA is a subsidiary of Samsung Ltd. and researches, develops and markets a variety of personal and business communications products throughout North America, including handheld smartphones, among other products and services.

## JURISDICTION AND VENUE

13.     This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over the claims of patent infringement alleged in this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

14.     This Court has personal jurisdiction over Samsung Ltd., SEA, and STA because each of Samsung Ltd., SEA, and STA has substantial, systematic and continuous contacts with this judicial district.   Samsung has offices and facilities in this judicial district, including the headquarters of STA in Richardson, Texas.   Samsung also has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and places infringing products in the stream of commerce with the knowledge, understanding and expectation that such products will be sold in the state of Texas and in this judicial district.   Samsung's presence in this judicial district and expectation that the infringing products will be sold and used in this judicial district is further evidenced by the presence in this judicial district of Samsung authorized service centers, including RSI

Repair Services Inc., an authorized walk-in service center for Samsung mobile devices located at 2800 Technology Drive, Suite 200, in Plano, Texas 75074.  TiVo is informed and believes, and on that basis alleges, that Samsung Ltd., SEA, and STA derive substantial revenue from the sale of infringing products in this judicial district, expect their actions to have consequences in this judicial district, and derive substantial revenue from their acts in interstate and international commerce.

15.   Venue is proper in this judicial district in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b) because, among other reasons, Samsung has offices and facilities in this judicial district, including the headquarters of STA in Richardson, Texas, and resides and is subject to personal jurisdiction in this judicial district.  Further, a substantial part of the events or omissions giving rise to claims alleged herein occurred in this judicial district.  Samsung has committed acts of infringement in this judicial district by, among other things, marketing, selling and offering for sale infringing products in this judicial district and through the business operations of Samsung Ltd., SEA and STA in this judicial district.

## FACTUAL BACKGROUND

16.   TiVo's creativity and investment in research and development have resulted in numerous inventions.  The United States Patent and Trademark Office has recognized TiVo's innovation and issued TiVo over 160 patents.  This case involves four of TiVo's patents.

17.   TiVo is the owner of the entire right, title and interest in and to U.S. Patent No. 6,233,389 ("the '389 patent"), entitled "Multimedia Time Warping System," which

was duly issued on May 15, 2001.  TiVo holds the exclusive rights to bring suit with respect to any past, present, and future infringement of the '389 patent.  A copy of the '389 patent is attached as Exhibit A hereto.

18.    TiVo is the owner of the entire right, title and interest in and to U.S. Patent No. 6,792,195 ("the '195 patent"), entitled "Method And Apparatus Implementing Random Access And Time-Based Functions On A Continuous Stream Of Formatted Digital Data," which was duly issued on September 14, 2004.  TiVo holds the exclusive rights to bring suit with respect to any past, present, and future infringement of the '195 patent.  A copy of the '195 patent is attached as Exhibit B hereto.

19.    TiVo is the owner of the entire right, title and interest in and to U.S. Patent No. 7,558,472 ("the '472 patent"), entitled "Multimedia Signal Processing System," which was duly issued on July 9, 2009.  TiVo holds the exclusive rights to bring suit with respect to any past, present, and future infringement of the '472 patent.  A copy of the '472 patent is attached as Exhibit C hereto.

20.    TiVo is the owner of the entire right, title and interest in and to U.S. Patent No. 8,457,476 ("the '476 patent"), entitled "Multimedia Signal Processing System," which was duly issued on June 4, 2013.  TiVo holds the exclusive rights to bring suit with respect to any past, present, and future infringement of the '476 patent.  A copy of the '476 patent is attached as Exhibit D hereto.

21.    TiVo's successful enforcement of its patents is well-known.  For example, in January 2004, TiVo asserted the '389 patent against EchoStar Communications Corp., et al., in *TiVo Inc. v. Echostar Communications Corp., et al.*, Case No. 2:04-CV-1-DF

(E.D. Tex.) (the "EchoStar Lawsuit").  TiVo's claims of infringement against EchoStar's DVRs were tried before a jury in April 2006 in the Marshall Division of the Eastern District of Texas and the jury returned a verdict and a $74 million damages award in favor of TiVo.  The District Court ultimately entered judgment in favor of TiVo, issued a permanent injunction enjoining further infringement, and awarded TiVo additional damages.  In January 2008, the United States Court of Appeals for the Federal Circuit affirmed the judgment and injunction in a published decision.  The EchoStar Lawsuit also resulted in other publicly-available, published decisions of the District Court and the United States Court of Appeals for the Federal Circuit addressing various issues including the infringement of the '389 patent and remedies to which TiVo was entitled.  In April 2011, and as widely reported in the media, TiVo and EchoStar announced that EchoStar agreed to license the '389 patent and pay TiVo an additional $500 million, in addition to the more than $100 million already paid TiVo up that point in time.

22.     In August 2009, TiVo asserted the '389 patent, along with two other patents, against AT&T in an action entitled *TiVo Inc. v. AT&T Inc., et al.*, Case No. 2:09-cv-259-DF (E.D. Tex.) (the "AT&T Lawsuit").  In the AT&T Lawsuit, TiVo alleged that AT&T's U-verse DVRs and/or service infringed TiVo's '389 patent.  In January 2012, and as widely reported in the media, TiVo announced that AT&T and TiVo had entered into a mutual patent licensing arrangement with AT&T under which AT&T agreed to make payments to TiVo totaling a minimum of $215 million.

23.     In August 2009, TiVo asserted the '389 patent, along with two other patents, against Verizon Communications, Inc. in an action entitled *TiVo Inc. v. Verizon*

*Communications, Inc.*, Case No. 2:09-cv-257-DF (E.D. Tex.) (the "Verizon Lawsuit"). In the Verizon Lawsuit, TiVo alleged that Verizon's FiOS DVRs and/or service infringed TiVo's '389 patent.  In September 2012, and as widely reported in the media, TiVo announced that TiVo had entered into a mutual patent licensing arrangement with Verizon under which Verizon agreed to provide compensation to TiVo worth at least $250.4 million.

24.     In March 2012, in an action entitled *Motorola Mobility, Inc. et al. v. TiVo Inc.*, Case No. 5:11-cv-00053-JRG (E.D. Tex.) (the "Motorola Lawsuit"), TiVo asserted claims of infringement under the '389 patent, along with the '195 and two other patents, against Motorola and General Instrument, as well as Motorola customer Time Warner Cable.  In the Motorola Lawsuit, TiVo alleged that Motorola set-top boxes with DVR functionality infringed TiVo's patents.  In June 2012, TiVo asserted the '389 patent, along with the '195 patent and two other patents, against Cisco Systems, Inc. in an action entitled *TiVo Inc. v. Cisco Systems, Inc*., Case No. 2:11-cv-311-JRG (E.D. Tex.) (the "Cisco Lawsuit").  In the Cisco Lawsuit, TiVo alleged that Cisco's set-top boxes with DVR functionality infringed TiVo's patents.  In June 2013, and as widely reported in the media, TiVo announced that TiVo agreed to enter into certain patent licensing arrangements with Arris (a successor to Motorola Mobility), Cisco, and Google under which TiVo was paid $490 million.

25.     TiVo is informed and believes that Samsung was well aware of TiVo and had knowledge of TiVo's '389, '195, '472 and '476 patents before the filing of this action.

26.     TiVo is informed and believes that Samsung obtained knowledge of TiVo and its patents from several sources.

27.     TiVo's patented technology can be found in TiVo's retail products and in certain products offered by TiVo's commercial partners.  TiVo provides notice of its patented technology under 35 U.S.C. § 287(a) by marking retail products with patent numbers, including the numbers of the '389, '195, '472, and '476 patents, among others, and/or listing products and patent numbers on the publicly available website www.tivo.com/legal/patents.   Samsung gained actual or constructive knowledge of TiVo's patents as a result of this patent marking.

28.     TiVo is informed and believes that Samsung also was aware of and followed TiVo's patent litigation with EchoStar, AT&T, Verizon, Motorola, and Cisco. As a result of Samsung's following of litigation involving TiVo's patents, Samsung at least learned about TiVo's '389 patent and '195 patent and the applicability of those patents to Samsung's set-top boxes with DVR functionality.

29.     TiVo is informed and believes, and on that basis alleges, that Samsung further gained knowledge about TiVo, TiVo's patents (including at least the '389 patent and '195 patent), and TiVo's patent litigation against EchoStar, AT&T, Verizon, Motorola and Cisco, through communications with Time Warner Cable, one of Samsung's customers with which TiVo used to be in litigation.

30.     Samsung also gained knowledge of TiVo, TiVo's patents, and its infringement of the '389, '195, '472, and '476 patent as a result of this Complaint.

31.     Samsung develops, manufactures, and supplies equipment, including set-top boxes with DVR functionality to television service providers, including but not limited to Time Warner Cable.  Samsung set-top boxes with DVR functionality are deployed by Time Warner Cable and other Samsung customers, without license or authority from TiVo.  These DVRs include but are not limited to set top boxes with DVR functionality bearing the model designations SMT-H3090HD DVR, SMT-H3272, SMT-H3270, and SMT-H4372 and other DVRs having the same or similar functionality with respect to the '389, '195, '472, and '476 Patents (the "Samsung DVRs").

32.     Samsung also develops, manufactures, and supplies mobile smartphones, tablets, and other portable battery-powered devices.  These devices include without limitation at least the following:  Samsung Galaxy Note (Note, Note II, Note 3, Note 4, Note Edge, Note 8.0, Note 10.1, Note Pro 12.2), Samsung Galaxy Mega (Mega, Mega 2), Samsung Galaxy S (S, SII, SIII, S4, S5, S6, S6 Edge, Round, Victory), Samsung Galaxy Tab (Tab, Tab 2, Tab 3, Tab 3 Lite, Tab 4, Tab A, Tab Pro, Tab S), and other such devices (and versions thereof) having the same or similar functionality with respect to the '389, '472, and '476 patents (the "Samsung Mobile Devices").  These Samsung smartphones and tablets are specifically designed and configured with hardware and software components that allow for the simultaneous storage and playback of movies, videos, television shows, and other multimedia content.  The ability to access and view multimedia content on the Samsung Mobile Devices is an essential feature and function of these devices.

## FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,233,389)

33.    TiVo realleges and incorporates by reference paragraphs 1–32 of this Complaint, as if fully set forth herein.

34.    TiVo is the owner of the entire right, title and interest in and to the '389 Patent.

35.    TiVo is informed and believes, and on that basis alleges, that Samsung has infringed and is currently infringing one or more claims of the '389 Patent, in violation of 35 U.S.C. § 271.

36.    Samsung infringes literally and/or under the doctrine of equivalents, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the Samsung DVRs and Samsung Mobile Devices and related products and/or processes falling within the scope of one or more claims of the '389 Patent.

37.    TiVo is informed and believes, and on that basis alleges, that Samsung has infringed and continues to infringe the '389 Patent in violation of 35 U.S.C. § 271(b) by actively inducing infringement of the '389 Patent, literally and/or under the doctrine of equivalents, with knowledge of the '389 Patent and knowledge that it was inducing the infringement of the '389 Patent, by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation Time Warner Cable and other customers and end users of Samsung products, to directly infringe the '389 Patent with respect to the making, using, offering for sale, selling, and/or importing

within this judicial district and elsewhere in the United States, without license or authority, the Samsung DVRs and Samsung Mobile Devices  and related products and/or processes falling within the scope of one or more claims of the '389 Patent.

38.     TiVo is informed and believes, and on that basis alleges, that Samsung has infringed and continues to infringe the '389 Patent in violation of 35 U.S.C. § 271(c) by contributing to infringement of the '389 Patent, literally and/or under the doctrine of equivalents, by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the Samsung DVRs and Samsung Mobile Devices and related products and/or processes falling within the scope of one or more claims of the '389 Patent, with knowledge of the '389 Patent and knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '389 Patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

39.     TiVo is informed and believes, and on that basis alleges, that Samsung has infringed and is currently infringing the '389 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, products or components of products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '389 Patent including without limitation the Samsung DVRs and Samsung Mobile Devices and related products and/or processes falling within the scope of one or more claims of the '389 Patent.

40.     TiVo is informed and believes, and on that basis alleges, that Samsung's infringement of the '389 Patent has been and continues to be willful and deliberate. TiVo is informed and believes, and on that basis alleges, that Samsung, with knowledge of the '389 Patent and its infringement, engaged in objectively reckless conduct by selling and continuing to sell infringing products in the face of an objectively high risk that Samsung was infringing TiVo's valid '389 Patent.

41.     Samsung's acts of infringement have caused damage to TiVo in an amount to be proven at trial.  As a consequence of Samsung's infringement, TiVo is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

42.     TiVo has suffered irreparable injury as a direct and proximate result of Samsung's infringement for which there is no adequate remedy at law.  Unless Samsung is enjoined, TiVo will continue to suffer such irreparable injury as a direct and proximate result of Samsung's conduct.

## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,792,195)

43.     TiVo realleges and incorporates by reference paragraphs 1–32 of this Complaint, as if fully set forth herein.

44.     TiVo is the owner of the entire right, title and interest in and to the '195 Patent.

45.     TiVo is informed and believes, and on that basis alleges, that Samsung has infringed and is currently infringing one or more claims of the '195 Patent, in violation of 35 U.S.C. § 271.

46.     Samsung infringes literally and/or under the doctrine of equivalents, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the Samsung DVRs and related products and/or processes falling within the scope of one or more claims of the '195 Patent.

47.     TiVo is informed and believes, and on that basis alleges, that Samsung has infringed and continues to infringe the '195 Patent in violation of 35 U.S.C. § 271(b) by actively inducing infringement of the '195 Patent, literally and/or under the doctrine of equivalents, with knowledge of the '195 Patent and knowledge that it was inducing the infringement of the '195 Patent, by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation Time Warner Cable and other customers and end users of Samsung products, to directly infringe the '195 Patent with respect to the making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the Samsung DVRs and related products and/or processes falling within the scope of one or more claims of the '195 Patent.

48.     TiVo is informed and believes, and on that basis alleges, that Samsung has infringed and continues to infringe the '195 Patent in violation of 35 U.S.C. § 271(c) by contributing to infringement of the '195 Patent, literally and/or under the doctrine of

equivalents, by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the Samsung DVRs and related products and/or processes falling within the scope of one or more claims of the '195 Patent, with knowledge of the '195 Patent and knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '195 Patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

49.    TiVo is informed and believes, and on that basis alleges, that Samsung has infringed and is currently infringing the '195 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, products or components of products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '195 Patent including without limitation the Samsung DVRs and related products and/or processes falling within the scope of one or more claims of the '195 Patent.

50.    TiVo is informed and believes, and on that basis alleges, that Samsung's infringement of the '195 Patent has been and continues to be willful and deliberate. TiVo is informed and believes, and on that basis alleges, that Samsung, with knowledge of the '195 Patent and its infringement, engaged in objectively reckless conduct by selling and continuing to sell infringing products in the face of an objectively high risk that Samsung was infringing TiVo's valid '195 Patent.

51.     Samsung's acts of infringement have caused damage to TiVo in an amount to be proven at trial.  As a consequence of Samsung's infringement, TiVo is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

52.     TiVo has suffered irreparable injury as a direct and proximate result of Samsung's infringement for which there is no adequate remedy at law.  Unless Samsung is enjoined, TiVo will continue to suffer such irreparable injury as a direct and proximate result of Samsung's conduct.

### THIRD CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 7,558,472)

53.     TiVo realleges and incorporates by reference paragraphs 1–32 of this Complaint, as if fully set forth herein.

54.     TiVo is the owner of the entire right, title and interest in and to the '472 Patent.

55.     TiVo is informed and believes, and on that basis alleges, that Samsung has infringed and is currently infringing one or more claims of the '472 Patent, in violation of 35 U.S.C. § 271.

56.     Samsung infringes literally and/or under the doctrine of equivalents, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the Samsung DVRs and Samsung Mobile Devices and related products and/or processes falling within the scope of one or more claims of the '472 Patent.

57.     TiVo is informed and believes, and on that basis alleges, that Samsung has infringed and continues to infringe the '472 Patent in violation of 35 U.S.C. § 271(b) by actively inducing infringement of the '472 Patent, literally and/or under the doctrine of equivalents, with knowledge of the '472 Patent and knowledge that it was inducing the infringement of the '472 Patent, by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation Time Warner Cable and other customers and end users of Samsung products, to directly infringe the '472 Patent with respect to the making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the Samsung DVRs and Samsung Mobile Devices  and related products and/or processes falling within the scope of one or more claims of the '472 Patent.

58.     TiVo is informed and believes, and on that basis alleges, that Samsung has infringed and continues to infringe the '472 Patent in violation of 35 U.S.C. § 271(c) by contributing to infringement of the '472 Patent, literally and/or under the doctrine of equivalents, by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the Samsung DVRs and Samsung Mobile Devices and related products and/or processes falling within the scope of one or more claims of the '472 Patent, with knowledge of the '472 Patent and knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '472 Patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

59.     TiVo is informed and believes, and on that basis alleges, that Samsung has infringed and is currently infringing the '472 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, products or components of products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '472 Patent including without limitation the Samsung DVRs and Samsung Mobile Devices and related products and/or processes falling within the scope of one or more claims of the '472 Patent.

60.     TiVo is informed and believes, and on that basis alleges, that Samsung's infringement of the '472 Patent has been and continues to be willful and deliberate. TiVo is informed and believes, and on that basis alleges, that Samsung, with knowledge of the '472 Patent and its infringement, engaged in objectively reckless conduct by selling and continuing to sell infringing products in the face of an objectively high risk that Samsung was infringing TiVo's valid '472 Patent.

61.     Samsung's acts of infringement have caused damage to TiVo in an amount to be proven at trial.  As a consequence of Samsung's infringement, TiVo is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

62.     TiVo has suffered irreparable injury as a direct and proximate result of Samsung's infringement for which there is no adequate remedy at law.  Unless Samsung is enjoined, TiVo will continue to suffer such irreparable injury as a direct and proximate result of Samsung's conduct.

## FOURTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 8,457,476)

63.     TiVo realleges and incorporates by reference paragraphs 1–32 of this Complaint, as if fully set forth herein.

64.     TiVo is the owner of the entire right, title and interest in and to the '476 Patent.

65.     TiVo is informed and believes, and on that basis alleges, that Samsung has infringed and is currently infringing one or more claims of the '476 Patent, in violation of 35 U.S.C. § 271.

66.     Samsung infringes literally and/or under the doctrine of equivalents, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the Samsung DVRs and Samsung Mobile Devices and related products and/or processes falling within the scope of one or more claims of the '476 Patent.

67.     TiVo is informed and believes, and on that basis alleges, that Samsung has infringed and continues to infringe the '476 Patent in violation of 35 U.S.C. § 271(b) by actively inducing infringement of the '476 Patent, literally and/or under the doctrine of equivalents, with knowledge of the '476 Patent and knowledge that it was inducing the infringement of the '476 Patent, by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation Time Warner Cable and other customers and end users of Samsung products, to directly infringe the '476 Patent with respect to the making, using, offering for sale, selling, and/or importing

- 20 -

within this judicial district and elsewhere in the United States, without license or authority, the Samsung DVRs and Samsung Mobile Devices  and related products and/or processes falling within the scope of one or more claims of the '476 Patent.

68.     TiVo is informed and believes, and on that basis alleges, that Samsung has infringed and continues to infringe the '476 Patent in violation of 35 U.S.C. § 271(c) by contributing to infringement of the '476 Patent, literally and/or under the doctrine of equivalents, by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the Samsung DVRs and Samsung Mobile Devices and related products and/or processes falling within the scope of one or more claims of the '476 Patent, with knowledge of the '476 Patent and knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '476 Patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

69.     TiVo is informed and believes, and on that basis alleges, that Samsung has infringed and is currently infringing the '476 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, products or components of products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '476 Patent including without limitation the Samsung DVRs and Samsung Mobile Devices and related products and/or processes falling within the scope of one or more claims of the '476 Patent.

70.     TiVo is informed and believes, and on that basis alleges, that Samsung's infringement of the '476 Patent has been and continues to be willful and deliberate. TiVo is informed and believes, and on that basis alleges, that Samsung, with knowledge of the '476 Patent and its infringement, engaged in objectively reckless conduct by selling and continuing to sell infringing products in the face of an objectively high risk that Samsung was infringing TiVo's valid '476 Patent.

71.     Samsung's acts of infringement have caused damage to TiVo in an amount to be proven at trial.  As a consequence of Samsung's infringement, TiVo is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

72.     TiVo has suffered irreparable injury as a direct and proximate result of Samsung's infringement for which there is no adequate remedy at law.  Unless Samsung is enjoined, TiVo will continue to suffer such irreparable injury as a direct and proximate result of Samsung's conduct.

## PRAYER FOR RELIEF

WHEREFORE, TiVo respectfully requests that the Court enter judgment as follows:

A.     That Samsung has directly infringed the '389, '195, '472, and '476 Patents.

B.     That Samsung has induced the infringement of the '389, '195, '472, and '476 Patents.

C.     That Samsung has contributorily infringed the '389, '195, '472, and '476 Patents.

D.      That Samsung and any of their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, be enjoined from infringing, inducing others to infringe or contributing to the infringement of the '389, '195, '472, and '476 Patents.

E.      That Samsung and any of their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, deliver to TiVo all products that infringe the ''389, '195, '472, and '476 Patents for destruction at TiVo's option;

F.      That Samsung be ordered to pay compensatory damages to TiVo, together with pre-judgment interest and post-judgment interest as allowed by law;

G.      That Samsung be ordered to provide an accounting;

H.      That Samsung be ordered to pay supplemental damages to TiVo, including without limitation interest;

I.      That the infringement by Samsung be adjudged willful and that the damages be increased under 35 U.S.C. § 284 to three times the amount found or measured;

J.      That the Court enter judgment against Samsung, and in favor of TiVo in all respects;

K.      That the Court determine this is an exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees and costs to TiVo is warranted in this action; and

L.      For any such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff TiVo hereby demands a trial by jury on all issues so triable of right by a

jury raised in this Complaint.

Dated:  September 8, 2015

Respectfully submitted,

**McKOOL SMITH, P.C.**

/s/ Samuel F. Baxter

Samuel F. Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston St., Suite 300
Marshall, Texas 75670
Telephone:    (903) 923-9000
Facsimile:     (903) 923-9099

**Attorneys for Plaintiff TiVo Inc.**

Co-Counsel:

**IRELL & MANELLA LLP**
Morgan Chu
mchu@irell.com
Andrei Iancu
aiancu@irell.com
Richard M. Birnholz
rbirnholz@irell.com
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
Tel:    (310) 277-1010
Fax:    (310) 203-7199

2673129.801