# Exhibit B

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7934
FACSIMILE (310) 556-5394
bhaber@irell.com

March 7, 2016

<u>VIA E-MAIL</u>

Erin Alper
Fish & Richardson P.C.
1180 Peachtree St. NE
21st Floor
Atlanta, GA 30309
alper@fr.com

  Re: <u>TiVo v. Samsung, Case No. 2:15-cv-1503</u>

Dear Erin:

  I write regarding your letter of February 19, 2016. TiVo has provided Samsung with nearly 500 pages outlining its infringement contentions, and has fully complied with the applicable disclosure rules. Further, TiVo does not believe that its voluminous early disclosure of infringement contentions "prejudices" or "inhibits" Samsung's ability to likewise comply with the applicable local rules. Rather, TiVo's detailed contentions identify infringement theories underlying its Complaint, which Samsung has now had for over five months. TiVo fully expects Samsung to comply with its disclosure obligations and looks forward to working in good faith with Samsung to ensure the orderly progression of discovery in this case. We address the issues you raise below, both generally, and specifically.

  Regarding the "grouping of accused products," TiVo does not understand Samsung's concern. Samsung appears to complain that TiVo has identified several accused devices in each of its charts. Is it Samsung's position that it does not know the identity of the accused devices? If so, TiVo directs Samsung's attention to, e.g., the accused devices listed on page 2 of the P.L.R. 3-1 disclosure. Alternatively, is Samsung complaining simply that multiple accused devices are listed in a single chart? If this is Samsung's position, please explain the basis for your belief that the rules require separate charts for each accused product in this case. Indeed, "this rule [L.R. 3-1(c)] does not require a separate infringement chart for each accused device – especially where, as is the case here, there is no dispute that many of the devices function virtually identically to each other with regard to the accused functionality." *Mobile Telecomms. Techs. v. Samsung,* Case No. 12-CV-832, Dkt. 152, Slip Op. at 3 (E.D. Tex. Apr. 25, 2014). In addition, please explain why TiVo should be held to a different

7440252

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Erin Alper
March 7, 2016
Page 2

standard than Samsung, which provided only a single chart for each of its patents, listing several TiVo devices in the same chart.

Similarly, TiVo does not understand Samsung's assertion that TiVo has not disclosed its infringement theories for any accused instrumentality. This is simply not so. As TiVo noted in each of its charts, the cited evidence is exemplary and, e.g., "the same analysis applies to other Samsung DVRs with the same functionality." Does Samsung contend that there is some difference between the accused products that provide a non-infringement argument for some, but not all, devices? If so, please identify such devices and their alleged differences. Alternatively, if it is Samsung's position that the parties should not use exemplary citations in their infringement contentions, please review *Linex Techs., Inc. v. Belkin Int'l, Inc.,* 628 F. Supp. 2d 703, 711 (E.D. Tex. 2008) ("Plaintiff is correct that using an exemplary product to outline infringement contentions can be sufficient") and explain Samsung's position further in light of this case.

Again, please also explain why TiVo should be held to a different standard than Samsung on this point as well. Samsung's charts say almost the same thing: "on information and belief, the included evidence and implicated functionality applies equally to all Accused Instrumentalities." And Samsung similarly mixes exemplary citations in its chart for several versions of TiVo's products. For example, in the '043 claim chart, element 1[c], under both the "first infringement theory" and the "second infringement theory," there is a screenshot of the Roamio Pro and Mini, but not the TiVo Bolt or Premier, which Samsung contends are accused devices. Additionally, in element 1[a], Samsung does not identify any specific CPU for the TiVo Premier.

Regarding the particular complaints enumerated in Samsung's letter, TiVo further responds as follows:

- TiVo obviously disagrees that its detailed disclosures are not adequate. Although TiVo may supplement its infringement allegations based on information provided during discovery, the current disclosures provide all the information required by the Rules. Additionally, Samsung's complaints are vague in nature. What exactly appears to be missing? And why is the purportedly missing information material to TiVo's contentions? For example, is there some confusion about what a "decoder" is? Is there some confusion about how the Broadcom processors work? These are the components of Samsung's devices, and Samsung is certainly in a better position to have a detailed understanding of its own devices than TiVo. If there is some distinction or characteristic about these components that is relevant to TiVo's contentions, please let us know exactly what it is.

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Erin Alper
March 7, 2016
Page 3

- For several claim elements, Samsung seems to be getting at claim construction issues, which, as you know, will be addressed later according to the Court's local rules. If you think these issues must instead be addressed now, please provide your authority for such a request, and please make some sort of proposal, taking into account Samsung's own nearly identical format for its own infringement contentions.

- Many of Samsung's issues, for example regarding the '389 patent's "objects" and the various "means" of the '195 patent, are generally directed to functionality of Samsung's software. This complaint is not well-founded. Exemplary evidence for the existence and functionality of, e.g., the "objects" is laid out in TiVo's infringement contentions. Other than the fact that Samsung has not yet produced its software, it is not clear exactly what Samsung is complaining about. Does Samsung intend to further withhold some or all of its source code on the vague and general complaints in its letter? If so, please tell us this immediately so that we can raise the issue with the Court. Additionally, if Samsung is going to take this position, please further explain Samsung's failure to identify any particular contentions regarding alleged functionality, including software, in its claims charts. For example in the '043 claim chart, element 1[a], Samsung asserts in a conclusory fashion that "[t]he CPUs within the TiVo Accused Instrumentalities control the TV monitor for displaying in a first mode" but does not provide any contentions, citations, evidence, or even reference to software that it contends does this.

Finally, Samsung correctly noted that TiVo has not named in its infringement contentions set-top boxes of which TiVo is aware that are available via DirecTV. Please identify by number the models that are available only via DirecTV, as opposed to models provided to other MSOs. Also, while TiVo has identified exemplary DVR models provided to Time Warner, TiVo contends that Samsung DVRs provided to other MSOs infringe in the same manner described in its infringement contentions. If Samsung knows of DVR model numbers specific to other MSOs, different than those identified in TiVo's contentions, please provide those numbers.

Regarding the obvious typographical error you noted, enclosed please find a corrected version of TiVo's pleading to fix the patent number references for each "practicing instrumentalities" disclosure under P.L.R. 3-1(f), which inadvertently identified the '389 patent instead of the corresponding patent for each section. TiVo made no other edits to this P.L.R. 3-1 pleading.

Sincerely,

Benjamin Haber
Associate

BH

Enclosure