# Exhibit C



Fish & Richardson P.C.
1180 Peachtree Street, NE
21st Floor
Atlanta, GA 30309

404 892 5005 main
404 892 5002 fax

**VIA EMAIL**
*bhaber@irell.com*

March 16, 2016

**Erin Alper**
Associate
alper@fr.com
404 724 2848 direct

Benjamin Haber
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

  Re: *TiVo v. Samsung*, No. 2:15-cv-1503 (E.D. Tex.)

Dear Ben:

  I write in response to your March 7 letter, which responded to mine of February 19. My February 19 letter set forth nearly 18 pages of specific issues with TiVo's February 8 Infringement Contentions. Your letter—more than two weeks later—fails to substantively address *any* on them. Instead, TiVo tries to accuse Samsung of attempting to skirt its discovery obligations, pointing to TiVo's complaint as somehow absolving TiVo of its P.R. 3-1 obligations. Obviously, it does not. If TiVo truly does not understand my February 19 letter, we are happy to discuss the same in detail during a meet and confer, but we will not accept TiVo's delay and refusal to substantively respond.

  For certain limitations, TiVo now alleges that it is unable to comply with P.R. 3-1 without Samsung's source code. As you know, the Court has a rule addressing this issue: P.R. 3-1(g). (*See* Default Discovery Order ¶ 3(a).) TiVo should have invoked P.R. 3-1(g) in its February 8 Infringement Contentions. We take TiVo's March 7 letter as a belated invocation of P.R. 3-1(g). To avoid further delay, please promptly specify the individual elements of each TiVo Asserted Patent that TiVo alleges are "software limitations" regarding which TiVo is invoking P.R. 3-1(g), and as to which TiVo must therefore supplement its contentions no later than 30 days after the production of Samsung's source code.

  Moreover, my February 19 letter identifies numerous deficiencies that have nothing to do with "software limitations," and thus cannot be absolved by TiVo's reliance on "software limitations." Nevertheless, TiVo failed to substantively respond to any of them. While I will not repeat each and every such issue again in this letter, some examples are:

  1. Claim 1 of the '472 patent requires a "media switch connected to said decoder subsystem by a second data bus." TiVo's contentions as to the accused mobile devices fail to specify where it contends the "media switch" is found, how it is connected to "said decoder subsystem," or what it believes is the "second data



Benjamin Haber
March 16, 2016

> bus." TiVo merely says that Snapdragon and Exynos chips contain a "multimedia subsystem" and that "the media swits [sic] will communicate with other system components using several data busses."
>
> 2. Claim 1 of both the '472 and '476 patents require a media switch that includes, *inter alia*, a "bus arbiter." TiVo's contentions as to the accused mobile devices merely state that "these busses will be controlled with a bus arbiter."
>
> 3. Claims 1 and 32 of the '389 patent require an "Output Section" but TiVo's contentions as to the accused set-top boxes fail to specify or otherwise provide any reasonable notice of where TiVo contends the "Output Section" is allegedly found and what it comprises.

TiVo provides no rationale for refusing to address these deficiencies, further delaying its compliance with P.R. 3-1 and continuing to inhibit Samsung's ability to conduct its investigation, identify and collect relevant documents and materials, and prepare its defenses.

As to TiVo's grouping of accused products, TiVo's response distorts the actual issue. We do not request that TiVo chart each and every accused product separately, as TiVo incorrectly claims. However, TiVo must at a minimum provide some way for Samsung to discern which features of which accused "Mobile Devices" TiVo alleges practice each element of the TiVo Asserted Patents. Specifically, TiVo has not provided a single P.R. 3-1(c) chart in which TiVo alleges that every element of even one asserted claim is found in a single "Mobile Devices" product. To the contrary, each of TiVo's Exhibit B, E, and G "Mobile Devices" charts impermissibly and ambiguously mishmashes references to features of random products containing different components (e.g., Qualcomm Snapdragon or Samsung Exynos chips). Indeed, for many claim elements TiVo alleges only that a particular Samsung Exynos chip practices a claim limitation without even a bare allegation that any Qualcomm Snapdragon chip (and therefore any Samsung product containing a Qualcomm Snapdragon chip instead of a Samsung Exynos chip) also practices the limitation. *See, e.g.*, Ex. B (elements [31f], [31i]); Ex. E (elements [1f], [1g], [1h]); Ex. G (elements [1f], [1g], [1h]). In other words, TiVo has failed to fully chart a single one of what TiVo refers to as the accused "Mobile Devices," let alone establish that one accused product is "exemplary."

As to TiVo's claims that we are holding Samsung to a "different standard" in this regard, this is inaccurate. Indeed, TiVo notes a single element (1(c)) of one patent (the '043) where TiVo alleges Samsung does not provide disclosures for two of the four TiVo Accused Products. To the extent that TiVo believes this or other disclosures improperly group products and would like Samsung to supplement, please identify them so we may do so. To date—more than five weeks after serving Samsung's infringement contentions—TiVo has not alleged any deficiencies in Samsung's infringement contentions.



Benjamin Haber
March 16, 2016

      Finally, thank you for confirming that TiVo chose not to accuse Samsung set-top boxes available via DirecTV. Your request that Samsung identify "DVR model numbers specific to other MSOs" appears to be covered by TiVo's Interrogatory No. 1, to which we will respond accordingly.

      We look forward to your prompt response, including a data certain by which TiVo will remedy the deficiencies in its P.R. 3-1 contentions. To the extent TiVo does not agree to do so, we request a prompt meet-and-confer regarding this issue. We are available to discuss (1) Wednesday, March 23, from 12:30-4:00 p.m. EST, and (2) Thursday, March 24, from 12:00-2:00 p.m. EST or 3:00-5:00 p.m. EST.

Respectfully,

Erin Alper

cc:    Sam Baxter, Melissa Smith