# Exhibit D

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7934
FACSIMILE (310) 556-5394
bhaber@irell.com

March 22, 2016

**VIA E-MAIL**

Erin Alper, Esq.
Fish & Richardson P.C.
1180 Peachtree St. NE
21st Floor
Atlanta, GA 30309
alper@fr.com

    Re:    *TiVo v. Samsung*, Case No. 2:15-cv-1503-JRG (E.D. Tex.)

Dear Erin:

    I write in response to your March 16, 2016, letter. Your mischaracterizations of our interactions on this issue are unhelpful.

    My last letter asked Samsung several questions, and Samsung has not responded to many of them. TiVo did not "try to accuse" Samsung of anything. Samsung's letter, and its other communications with our team, raised a concern that Samsung may attempt to withhold source code on the basis of its perceived "deficiencies" with TiVo's detailed and voluminous preliminary infringement contentions. We asked you directly to please confirm Samsung's position on this issue. Your letter did not answer this question. Please provide a response so that we know whether we need to approach the Court regarding Samsung withholding its source code.

    Also, your statement that our response to your letter "fails to substantively address any on [*sic*]" your issues is simply not accurate. TiVo addressed your issues both generally and specifically, and further asked you to explain some of your statements that were vague in nature. Rather than doing so and advancing the ball on discovery issues, your last letter contains mischaracterizations that appear solely intended to create and perpetuate artificial disputes. This is unhelpful.

    Your statement that "TiVo now alleges that it is unable to comply with P.R. 3-1 without Samsung's source code" is also inaccurate. As I said in my prior letter "TiVo obviously disagrees that its detailed disclosures are not adequate," and "[e]xemplary evidence for the existence and functionality of, e.g., the 'objects' is laid out in TiVo's infringement contentions." TiVo has fully complied with its obligations under P.R. 3-1 for all elements of the asserted claims.

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Erin Alper
March 22, 2016
Page 2

Your criticism of our preliminary infringement contentions based on Patent Rule 3-1(g) is unfounded. You assert that "TiVo should have invoked P.R. 3-1(g) in its February 8 Infringement Contentions" and identified "software limitations" that are met by source code. We believe that Samsung either misunderstands or has misread the rule. Rule 3-1(g) specifically allows a party to identify software limitations after the production of source code. *See, e.g.,* Rule 3-1(g) ("**Thereafter**, the party claiming patent infringement shall identify…"). If Samsung has a contrary view, please explain and provide authority for it in further detail, so that we can consider Samsung's position. In any event, Samsung has not identified any software elements for its own patents. Does Samsung intend to identify to TiVo which of its claim elements implicate Rule 3-1(g), and if so, when?

We also reiterate that TiVo's preliminary infringement contentions comply with the rules in all respects. Regarding your three enumerated open issues, we respond as follows:

1. TiVo provides exemplary evidence describing its contentions regarding the "media switch," for example in Exhibit G, on pages 18-32. TiVo provides additional exemplary evidence describing its contentions regarding "said decoder subsystem" and a "second data bus" for example in Exhibit G, on pages 16-24. Samsung's suggestion that these 16 pages of claims charts "merely" include the single quote identified is not an accurate or fair assessment of the charts. And it does not explain what Samsung contends is missing. Does Samsung deny that its Snapdragon and Exynos processors include "several data busses" or a "second data bus" as TiVo contends? Does Samsung deny that its Snapdragon and Exynos processors include decoders as TiVo contends?

2. TiVo provides exemplary evidence describing its contentions regarding the "bus arbiter" elements of the '472 and '476 patents, for example in Exhibit G on page 28, and Exhibit E on page 26. Additionally, exemplary evidence describing its contentions regarding the several busses used in Samsung's mobile products is provided in many other places in the charts. Again, Samsung's suggestion that this exemplary evidence is "merely" the single quote identified is not accurate. Does Samsung deny that its Snapdragon and Exynos processors include "busses [that] will be controlled with a bus arbiter"? Does Samsung deny that its Snapdragon and Exynos processors include multiple busses?

3. TiVo provides exemplary evidence describing its contentions regarding the "output section" of claims 1 and 32 of the '389 patent, for example in Exhibit A, pages 13-20 and 77-84. Please explain how these 14 pages of claims charts fail to "provide any notice" of TiVo's contentions regarding the "output section." As just one example, TiVo provides a block diagram of a

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Erin Alper
March 22, 2016
Page 3

Broadcom 74xx family system-on-chip device. Does Samsung contend that its DVRs do not include this family of Broadcom processors?

TiVo went to great effort to provide detailed contentions spanning nearly 500 pages, and it is hard to understand how this detailed early disclosure of preliminary infringement contentions "inhibits" any of Samsung's efforts in this case, which has now been pending for nearly half a year. Now, in addition to the above unaddressed concern regarding Samsung's collection and production of source code, Samsung appears to indicate that it will further delay its work to "identify and collect relevant documents and materials." TiVo hopes this is not the case. But if Samsung intends to withhold or delay its document collection efforts based on any of its perceived "issues," please let us know immediately so that we can approach the Court.

Regarding Samsung's complaint about alleged "grouping of accused products," TiVo still does not understand Samsung's issue. TiVo has provided exemplary evidence and citations regarding Samsung's Mobile Devices, some of which contain Snapdragon processors, some of which contain Samsung Exynos processors. Just as Samsung does, TiVo explains that its citations to specific processors and evidence are exemplary. But unlike Samsung, TiVo further explains, for example in Exhibit E on pages 12-14, which devices contain which specific processors. Does Samsung contend that the Snapdragon and Exynos processors, and the mobile devices that house them, are different in a way that is material to TiVo's contentions? If so, how are they different?

TiVo does not agree with Samsung's apparent contention that the parties need to provide an entirely separate claim chart for each accused device, nor does TiVo understand how Samsung can make this demand when Samsung has not itself done so. As Samsung correctly noted in its recent letter, TiVo has identified at least one instance in which Samsung has not complied with its own demands. There are other examples too, making it abundantly clear that Samsung does not actually believe that the rules require a separate chart for each accused device.

Contrary to your accusations, TiVo has no interest in delaying resolution of this matter and indeed believes that it should proceed quickly to trial. We promptly responded over two weeks ago to your February 19 letter, given its length and my extensive travel at the end of February and beginning of March, of which we advised you during the parties' March 3 meet and confer on other matters. We are happy to meet and confer on issues surrounding the parties' contentions as Samsung has now requested, although we frankly do not understand Samsung's complaints in light of our repeated explanations. I understand that you are no longer available on Wednesday as you proposed. If you still wish to discuss, we are available on Friday, March 25 at 9 AM Pacific. In addition to TiVo's P.R. 3-1 disclosures, please be prepared to discuss at our meeting Samsung's anticipated production

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

of source code for inspection, including the particular source code Samsung intends to offer for inspection, and the timing of that inspection.

      Finally, regarding DirecTV, as I mentioned in my last letter dated March 7, 2016, "TiVo has not named in its infringement contentions set-top boxes of which TiVo is aware that are available via DirecTV." Your characterization of our position is not accurate. You have stated that additional information will be forthcoming in response to TiVo's interrogatories. We may further address Samsung's inquiry regarding set-top boxes that are available via DirecTV once we receive Samsung's interrogatory responses.

      Sincerely,

Benjamin Haber
Associate

BH