# Exhibit H

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7956
FACSIMILE (310) 282-5798
twerner@irell.com

April 12, 2016

**VIA E-MAIL**

Erin Alper
Fish & Richardson P.C.
1180 Peachtree St. NE, 21st Floor
Atlanta, GA 30309
alper@fr.com

      Re:    *TiVo v. Samsung*, No. 2:15-cv-1503 (E.D. Tex.)

Dear Erin:

      I write regarding Samsung's claim that TiVo's nearly 500 pages of detailed infringement contentions are somehow deficient under Patent Rule 3-1. When the parties last discussed this matter, despite TiVo's repeated inquiries, Samsung could not explain what additional detail TiVo allegedly needed to add to its disclosures to satisfy Samsung.

      In an attempt to resolve this matter without burdening the Court, TiVo proposed that that the parties agree to a schedule for identifying claim elements for which each of the parties anticipated serving supplemental infringement contentions at least with citations to source code, after source code was offered for inspection and each party was given appropriate time to review that evidence. Specifically, TiVo asked if Samsung would agree to a joint exchange, in which each party identified the claim elements of its own patents for which it anticipated relying on P.R. 3-1(g) to supplement with regard to source code. Although Samsung stated it would consider TiVo's proposal, TiVo never heard anything further from Samsung regarding that proposal. We ask again, directly: is this proposal acceptable to Samsung to avoid burdening the Court with this dispute?

      Instead of providing any response regarding TiVo's proposal for mutual disclosures, on April 11, Samsung stated that it would file a motion attacking TiVo's infringement contentions unless TiVo unilaterally committed in writing to supplement its contentions. Despite that Samsung abandoned the meet and confer process, TiVo has no interest in unnecessarily burdening the Court on this matter.

      TiVo believes that the source code for the software (including firmware) running Samsung's products, along with other Samsung technical documents, will be important evidence relating to Samsung's infringement of TiVo's patents. TiVo will supplement its

8508127

infringement contentions to reflect information disclosed during discovery, including Samsung's source code and other technical documents. TiVo's experts will also analyze such evidence and provide disclosures in accordance with the Court's rules and orders, among other disclosures by TiVo. The nature and timing of TiVo's anticipated supplementation depends at least in part on the nature and timing of Samsung's production of source code and other technical documents.

Very truly yours,

Thomas C. Werner

cc: Counsel of Record (via agreed service emails)

8508127