# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TIVO INC., <br><br> *Plaintiff, Counterclaim Defendant,* <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants, Counterclaim Plaintiffs*. | Case No. 2:15-cv-1503-JRG |

## **ORDER**

The Court held a hearing on July 11, 2016, regarding the following motions by Plaintiff TiVo and Defendant Samsung: TiVo's Motion to Compel Defendants to Respond to Interrogatory Nos. 1 & 4, Produce Associated Discovery, and Produce Customer Agreements (Dkt. No. 64); Samsung's Motion to Compel TiVo to Respond to Interrogatory No. 18 (Dkt. No. 71); Samsung's Opposed Motion for Leave to Amend Its First Amended Invalidity Contentions (Dkt. No. 72); TiVo's Emergency Motion to Clarify Discovery Obligations in Light of Prior Protective Orders (Dkt. No. 75); and Samsung's Opposed Motion for Leave to Amend Its Second Amended Invalidity Contentions (Dkt. No. 76).

Also before the Court are the joint motion for extension of time to comply with the Court's Order on TiVo's Motion to Clarify Discovery Obligations in Light of Prior Protective Orders filed by Samsung and TiVo (Dkt. No. 125) and the Motion to Strike Portions of TiVo's Supplemental Infringement Contentions filed by Samsung (Dkt. No. 108).

This Order summarizes and memorializes the Court's rulings at the July 11, 2016 hearing and sets forth rulings on issues that were taken under advisement at that hearing.

(1)     TiVo's Emergency Motion to Clarify Discovery Obligations in Light of Prior Protective Orders (Dkt. No. 75) is **GRANTED**. TiVo's joint motion for extension of time to comply with the Court's July 11, 2016 order is also **GRANTED**. (Dkt. No. 125.)

At the hearing on July 11, 2016, the Court ordered TiVo to, within one week, redact source code from Prior Litigations Materials before producing those materials to Samsung. The Court further ordered TiVo to keep the unredacted copies of Prior Litigations Materials it now has in its possession without need for redaction or destruction.

Also before the Court is Samsung and TiVo's joint motion for extension of time to comply with the Court's order. (Dkt. No. 125.) Having reviewed the motion, the Court finds that the motion (Dkt. No. 125) should be and is hereby **GRANTED**. TiVo is granted an extension to July 27, 2016 to comply with the Court's July 11, 2016 order.


(2)     TiVo's Motion to Compel Defendants to Respond to Interrogatory Nos. 1 & 4, Produce Associated Discovery, and Produce Customer Agreements (Dkt. No. 64) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Samsung's Motion to Strike Portions of TiVo's Supplemental Infringement Contentions (Dkt. No. 108) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

(a)     TiVo requests that the Court order Samsung to "provide basic discovery regarding its Android-based smart phones and tablets ('mobile products') with DVR capabilities distributed and sold in the United States in the last six years in response to TiVo's Interrogatory Nos. 1 and 4" (Dkt. No. 64 at 1). In a related motion, Samsung requests that the Court strike TiVo's Supplemental Infringement Contentions to the extent they include newly-accused products (Dkt. No. 108 at 1). Both motions relate to TiVo's identification of accused Samsung products.

**Background**

Local Patent Rule 3-1 requires a party claiming infringement to identify each accused product in its infringement contentions. The "identification shall be as specific as possible," including name and model number, if known. P.R. 3-1(b). Generally, infringement contentions may only be amended or supplemented upon a showing of good cause. P.R. 3-6(b). The Federal Circuit has held that "a district court is well within its discretion to refuse the patent owner's request to amend infringement contentions if the patent owner does not show that it acted diligently in its identification of accused products, which may require the identification of products by name or model number." *Keranos, LLC v. Silicon Storage Tech.*, 797 F.3d 1025 (Fed. Cir. 2015).

In this case, on February 8, 2016, TiVo served original infringement contentions ("Original Contentions") under Local Patent Rule 3-1(b)[1], listing various Samsung Galaxy mobile devices, such as "Samsung Galaxy Note (Note, Note II, Note 3, Note 4, Note Edge, Note 8.0, Note 10.1, Note Pro 12.2) . . . and other such devices (and versions thereof) having the same or similar [DVR] functionality." (Dkt. No. 64-1). TiVo's Original Contentions also accused four specific set top boxes "and other DVRs having the same or similar [DVR] functionality." (Dkt. No. 64-1.)

On March 16, 2016, TiVo served its first set of interrogatories on Samsung, including Interrogatories No. 1 and 4, which requested identification of and details about each Samsung

---

[1] Local Patent Rule 3-1 provides that:
> Not later than 10 days before the Initial Case Management Conference with the Court, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." . . . (b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

P.R. 3-1.

Mobile Product and Set-Top Box DVR Product with or allowing for "Digital Video Recording Functionality." (Dkt. No. 64-2.) Samsung limited its disclosure of further information to only the specific model numbers itemized in TiVo's Initial Contentions, arguing that TiVo's definition of "Digital Video Recording Functionality" is ambiguous and overbroad. (Dkt. No. 64 at 4; Dkt. No. 70 at 2.) In response, TiVo argues that Samsung has sole access to model information necessary to compile a comprehensive model list and therefore Samsung has the best information to compile such a list, which might include model numbers not itemized in TiVo's Initial Contentions. (Dkt. No. 73 at 2.)

On July 1, 2016, TiVo served supplemental infringement contentions ("Supplemental Contentions") pursuant to Local Patent Rule 3-1(g), which allows for limited supplementation of infringement contentions to the extent there are claim elements that are software limitations. (Dkt. No. 108-1; *see* Dkt. No. 54 at 3). Samsung asserts that TiVo improperly added sixty-seven (67) Samsung mobile products and two Samsung set-top boxes. (Dkt. No. 108 at 1.) Samsung contends that TiVo's inclusion of these newly-identified products violates Local Patent Rule 3-6(b), which requires that, in most cases, amendment or supplementation of any infringement contentions may only be made by court order upon a showing of good cause. (*Id.*) While the parties had agreed to supplementation under Local Patent Rule 3-1(g), for source code in software limitations, it is undisputed that TiVo did not request—much less receive—leave to supplement its infringement contentions with new accused products.

On July 11, 2016, Samsung filed a motion to strike TiVo's Supplemental Contentions. (Dkt. No. 108.) On the same day, the Court heard oral argument on TiVo's motion to compel. (Dkt. No. 64.) To properly rule on these related motions, the Court must determine whether the

products identified in TiVo's Supplemental Contentions are simply more specific identifications of the products in TiVo's Original Contentions or whether they are newly-accused products.

**Set-Top Boxes**

With regard to *set-top boxes* with DVR functionality, TiVo accused in its Original Contentions "set top boxes with DVR functionality bearing the model designations SMT-H3090HD DVR, SMT-H3272, SMTH3270, and SMT-H4372 and other DVRs having the same or similar functionality." (Dkt. No. 64-1.) In its Supplemental Contentions, TiVo accused two additional set-top box products (model numbers SX022ANC and SX022ANM) sold by Samsung to Comcast Corporation.[2] (Dkt. No. 108 at 2 n.3.) Samsung objects that the Comcast set-top boxes were not accused in the Original Contentions and that TiVo did not have leave to add them to the Supplemental Contentions. TiVo argues that the Original Contentions, by accusing all Samsung DVR products having the "same or similar functionality," covered the disclosure of these two set-top boxes.

Under Local Patent Rule 3-1, TiVo was required to identify each accused product in its infringement contentions as specifically as possible, including name and model number, if known. This disclosure is intended to put defendants on reasonable notice of what products are accused. Here, TiVo only identified four accused DVR set-top box products and expects Samsung to locate the remaining Samsung products that might be implicated by TiVo's infringement theory. However, it is TiVo, not Samsung, who knows best what its infringement theory is. Samsung was not properly on notice that a previously-unnamed customer's products might be implicated based on the Original Contentions. TiVo cannot simply rely on the "same or

---

[2] TiVo identified in its Original Contentions "set top boxes with DVR functionality bearing the model designations SMT-H3090HD DVR, SMT-H3272, SMTH3270, and SMT-H4372 and other DVRs having the same or similar functionality." (Dkt. No. 118-2 at 2, 4, 6, 8.)

similar functionality" language to sweep in additional products that have not been identified with sufficient specificity in the Original Contentions.

Accordingly, the Court determines that model numbers SX022ANC and SX022ANM were not reasonably disclosed in the Original Contentions. Without leave of court to add additional accused products, which may only be entered upon a showing of good cause under Local Patent Rule 3-6(b), TiVo may not accuse these products. TiVo has not independently moved for leave under Local Patent Rule 3-6(b), but submits a mere two paragraphs of argument that, even if the Court finds that TiVo added newly accused products, there is good cause to amend. (Dkt. No. 118 at 7.)

**Mobile Products**

With regard to newly-identified *mobile products* with DVR functionality, TiVo accused in its Original Contentions:

> . . . Samsung Galaxy Note (Note, Note II, Note 3, Note 4, Note Edge, Note 8.0, Note 10.1, Note Pro 12.2), Samsung Galaxy Mega (Mega, Mega 2), Samsung Galaxy S (S, SII, SIII, S4, S5, S6, S6 Edge, Round, Victory), Samsung Galaxy Tab (Tab, Tab 2, Tab 3, Tab 3 Lite, Tab 4, Tab A, Tab Pro, Tab S), and other such devices (and versions thereof) having the same or similar [DVR] functionality.

(Dkt. No. 64-1). In its Supplemental Contentions, TiVo accused over sixty additional mobile products, which Samsung summarized in a list. (Dkt. No. 108-1.)

The Court finds that TiVo's identification of four Samsung Galaxy product families of mobile devices and specific products within those families sufficiently disclosed its theory of infringement and put Samsung on notice that the Samsung Galaxy product family was accused. Samsung's mobile product families are marketed under various names for each version of the device (e.g. Galaxy S, Galaxy SII, etc.), but operate similarly as mobile devices. Products that fall within the Samsung Galaxy product families were properly identified by TiVo in its Original

6

Contentions. The Court has reviewed the product list in conjunction with publicly available information and has determined that a majority of those newly-identified products fall within the Samsung Galaxy product families disclosed in TiVo's Initial Contentions.

Accordingly, the Court identifies the following[3] product models as members of Samsung Galaxy product families and therefore reasonably disclosed in the Original Contentions: Stealth SCH-I510, Jasper SCH-I200, Garnett SCH-I400, Aegis-Lte SCH-I405, Aegis2 SCH-I415, Gio SCH-R680, Amazing SCH-R740, Galaxy Ace Plus SCH-R820, Gogh SCH-R830, Forte SCH-R910, Forte SCH-R915, Viper1 SCH-S720, Amazing SCH-S738, Vino-E SCH-M828, Galaxy Ace2 SGH-T599, Galaxy Mega 6.3 SGH-I527, Galaxy Express SGH-I437, Comanche SGH-I547, Merlin SGH-I577, Geim SGH-I827, Bose SGH-I927, Amazing SGH-S730, Garda SGH-T399, Galaxy Mini SGH-T499, Joyce-Q SGH-T589, Ancora SGH-T679, Hawk SGH-T759, Apex40 SGH-T769, Garda SGM-T399, Galaxy Ace Style SM-G310, Prime SM-G360, Galaxy Core LTE SM-G386, Prime SM-G530, Galaxy Alpha SM-G850, Galaxy-J1 SM-J100, Galaxy-J3 SM-J320, Galaxy Ace Style SM-S765, Galaxy Ace Style SM-S766, Galaxy-J1 SM-S777, Galaxy-Core-Prime SM-S820, Galaxy-Grand-Prime SM-S920, Galaxy-E5 SM-S978, Galaxy View SM-T670, Galaxy View SM-T677, Galaxy Mega 6.3 SPH-L600, Vino-E SPH-M820, Prevail2 SPH-M830, Ray SPH-M840, and Icon SPH-M950 (collectively, "Reasonably Disclosed Mobile Products").

Furthermore, the Court identifies the following as products not reasonably disclosed in the Original Contentions and therefore newly accused: Max SCH-I100, Viper 1 SCH-I110, Rookie SCH-R720, Escape SCH-R730, Infobowl-Q SCH-R880, Amazing SCH-S735, Apache SGH-I847, Flipbook SGH-I857, Dempsey SGH-I997, Sidekick SGH-T839, Orion SGH-T939,

---

[3] Based on Samsung's list of the newly-identified products. (Dkt. No. 108-1.) The Court notes that one product, the Galaxy Ace2 SGH-T599, was identified twice. Therefore, there are a total of sixty-six (66) newly-identified products, not sixty-seven (67).

7

Chief SPH-D600, Rant3 SPH-M580, Instinct-Q SPH-M900, Vins-Q SPH-M910, Vital SPH-M920, and Vital2 SPH-M930 (collectively, "Newly-Accused Mobile Products"). Without leave of court to add additional accused products, which may only be entered upon a showing of good cause under Local Patent Rule 3-6(b), TiVo may not accuse these products. TiVo has not independently moved for leave under Local Patent Rule 3-6(b), but submits a mere two paragraphs of argument that, even if the Court finds that TiVo added newly accused products, there is good cause to amend. (Dkt. No. 118 at 7.)

**The Parties have not shown whether there is good cause to amend**

The Court considers four factors when reviewing a motion to amend infringement contentions for good cause: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Keranos, LLC v. Silicon Storage Technology*, No. 2:13-cv-17-MHS, 2013 WL 5763738, at *2–4 (E.D. Tex. Aug. 5, 2013), *vacated for further fact-finding*, 797 F.3d 1025 (Fed. Cir. 2015). Samsung argues that TiVo cannot show good cause for leave to infringe because TiVo had not been diligent in discovering the products it added to its infringement contentions, because publicly available product information confirmed the existence and operation of the newly-accused products before this case was filed in September 2015. TiVo responds that it has worked diligently to obtain discovery from Samsung to identify all of the accused products by Samsung's internal names and model numbers. (Dkt. No. 118 at 6.) The Parties have not provided the Court with sufficient information to determine whether TiVo has shown that there is good cause to amend its infringement contentions. *See Keranos*, 797 F.3d at 1038.

**Summary**

Accordingly, Samsung's motion to strike (Dkt. No. 108) is **GRANTED** as to the Newly-Accused Mobile Products and the Comcast set-top boxes, but **DENIED** in all other respects. TiVo's first request in its motion to compel Samsung to "provide basic discovery regarding its Android-based smart phones and tablets ('mobile products') with DVR capabilities distributed and sold in the United States in the last six years in response to TiVo's Interrogatory Nos. 1 and 4" (Dkt. No. 64) is **GRANTED-IN-PART**: Samsung is ordered to provide TiVo with discovery regarding (1) the mobile products TiVo specifically identified in its Original Contentions and (2) the Reasonably Disclosed Mobile Products in TiVo's Supplemental Contentions. TiVo's first request in its motion to compel is **DENIED** in all other respects.

(b) TiVo's second request in its motion to compel asks the Court to order Samsung to "produce source code and related documents for all such mobile products." (Dkt. No. 64 at 1). At the hearing, the parties represented to the Court that they have resolved this dispute. Accordingly, TiVo's second request in its motion to compel (Dkt. No. 64) is **DISMISSED AS MOOT**.

(c) TiVo's third request in its motion to compel asks the Court to order Samsung to "produce customer agreements governing its sale of both its accused set-top box and mobile products." (Dkt. No. 64 at 1). At the hearing, the parties represented to the Court that they have resolved this dispute. Accordingly, TiVo's third request in its motion to compel (Dkt. No. 64) is **DISMISSED AS MOOT**.

(3) Samsung's Motion to Compel TiVo to Respond to Interrogatory No. 18 (Dkt. No. 71) was **GRANTED**.

The Court ordered TiVo to respond to Defendants' Interrogatory 18 within ten (10) days of the hearing. If, after that initial response, there are reasonable developments that would support factual supplementation of the response, TiVo has a duty and responsibility to supplement its response.

(4) Samsung's Opposed Motion for Leave to Amend Its First Amended Invalidity Contentions (Dkt. No. 72) was **GRANTED-IN-PART** and **DENIED-IN-PART**.

Samsung is **GRANTED** leave to assert as a prior art reference Microsoft's 1996 ActiveMovie SDK2 ("ActiveMovie SDK"); Microsoft's January 1998 DirectShow SDK ("Platform SDK"); and (3) ReplayTV's System Software Specification ("ReplayTV Spec").

Samsung is **DENIED** leave to assert as a prior art reference U.S. Patent Pub. No. 2002/0057893 to Wood et al. ("Wood_893").

(5) Samsung's Opposed Motion for Leave to Amend Its Second Amended Invalidity Contentions (Dkt. No. 76) was **DENIED**.

Samsung is **DENIED** leave to assert as a prior art reference the four prior art references obtained from Broadcom by subpoena, all of which relate to the Broadcom 7020 chip ("BCM 7020"): (1) Product Brief: BCM7020 High-Definition, Video-Graphic Subsystem; (2) BCM7020 Preliminary Specification: Integrated HDTV Video Graphics System Engine; (3) BCM7020 Preliminary Specification: High-Definition, Video-Graphics Subsystem; and (4) [Customer] Meeting HD Video-Graphics, (collectively, the "Broadcom art").

**So ORDERED and SIGNED this 22nd day of July, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE