IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TIVO INC.,<br><br>  Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.<br><br>  Defendants. | Case No. 2:15-CV-1503-JRG<br><br>**JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>  Counterclaim Plaintiffs,<br><br>vs.<br><br>TIVO INC.,<br><br>  Counterclaim Defendant. | |

**JOINT 4-3 CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

In accordance with P.R. 4-3 and the Court's Amended Docket Control Order (Dkt. No. 146), Plaintiff TiVo Inc. ("TiVo") and Defendants Samsung Electronics Co. Ltd., and Samsung Electronics America, Inc. (collectively "Samsung"), submit this Joint Claim Construction and Prehearing Statement with regard to the following patents:

**TiVo Asserted Patents**

U.S. Patent No. 6,233,389 ("'389 Patent");

U.S. Patent No. 6,792,195 ("'195 Patent");

U.S. Patent No. 7,558,472 ("'472 Patent"); and

U.S. Patent No. 8,457,476 ("'476 Patent").

**Samsung Asserted Patents**

U.S. Patent No. 5,978,043 ("'043 Patent");

U.S. Patent No. 6,181,333 ("'333 Patent");

U.S. Patent No. 7,231,592 ("'592 Patent"); and

U.S. Patent No. 8,233,090 ("'090 Patent").

I. **P.R. 4-3(a) Agreed Constructions**

The Parties agree on the following constructions:

| '389 patent | | |
|---|---|---|
| Claim(s) | Term | Agreed Construction |
| 31, 61 | "automatic flow control" | "self-regulated" |
| 1, 32 | "said MPEG stream is separated into its video and audio components" | "the video and audio components of said MPEG stream are separated into distinct video buffers and audio buffers" |
| 1, 32 | "assembles said video and audio components into an MPEG stream" | "assembles the separated video and audio components into a single stream of interleaved video and audio components" |

| '195 patent | | |
|---|---|---|
| Claim(s) | Term | Agreed Construction |
| 58, 78 | "discards" / "discard" | "deletes" |
| 73, 75, 76, 77, 92, 94, 95, 96 | "current block indicator" | "an indication of the next block to be presented to the decoding process" |
| 58, 78 | "said linear cache maintains a window that represents a time span into a past history of said data stream that includes a most recently stored portion of said data stream" | "the linear cache continuously buffers a stream of information into a window that is defined by the maximum time between the newest block that has arrived in the linear cache and the oldest block held by the linear cache" |

| Claim(s) | Term | Agreed Construction |
|---|---|---|
| 60, 79 | "stream capture means for capturing information for a particular data stream type and encoding said information before storing said information in said linear cache" | 35 U.S.C. 112(6) applies.<br><br>**Function**: "capturing information for a particular data stream type and encoding it before storing it in the linear cache"<br>**Structure**: "capture mechanism as described in column 7, lines 4 through 26, and equivalents thereof" |
| 64, 83 | "presentation means for presenting the streaming access from said cache access means to a storage device" | 35 U.S.C. § 112(6) applies.<br><br>**Function**: "presenting the streaming access from the cache access means to a storage device"<br>**Structure**: "clip capture device (203) with the clip capture module described in column 10, lines 6 through 35, and equivalents thereof" |

| '472 patent | | |
|---|---|---|
| **Claim(s)** | **Term** | **Agreed Construction** |
| 1, 12, 15, 16 | "transport stream" | "a stream of interleaved audio and video components" |

| '476 patent | | |
|---|---|---|
| **Claim(s)** | **Term** | **Agreed Construction** |
| 1, 8, 9 | "transport stream" | "a stream of interleaved audio and video components" |

In addition, Samsung contends that the following means-plus-function terms of the '195 patent are indefinite because Samsung contends that the specification of the '195 patent fails to disclose and clearly link structure sufficient to perform the recited functions (TiVo disagrees), but in the event that the Court determines otherwise after hearing the parties' arguments on the subject of indefiniteness, the parties agree on the following alternative constructions:

| '195 patent | | |
|---|---|---|
| **Claim Number(s)** | **Term** | **Alternative Construction Subject to Samsung's Indefiniteness Contentions** |

| 58, 78 | "cache access means for selecting a portion of the linear cache for streaming access to information stored therein" | 35 U.S.C. § 112(6) applies.<br><br>**Function**: "selecting a portion of the linear cache for streaming access to information stored therein"<br><br>**Alternative Structure Subject to Samsung's Indefiniteness Contentions**: "buffer controller (201) and a current block indicator, and equivalents thereof" |
|---|---|---|
| 119 | "cache access means for selecting a portion of said linear caches for streaming access" | 35 U.S.C. § 112(6) applies.<br><br>**Function**: "selecting a portion of each of said linear caches for streaming access"<br><br>**Alternative Structure Subject to Samsung's Indefiniteness Contentions**: "buffer controller (201) and a current block indicator for each of said linear caches, and equivalents thereof" |
| 58 | "cache control means for controlling a rate of said streaming access to said linear cache; . . . wherein said cache control means controls a rate and direction of said streaming access" | 35 U.S.C. § 112(6) applies.<br><br>**Function**: "controlling a rate and direction of streaming access to the linear cache"<br><br>**Alternative Structure Subject to Samsung's Indefiniteness Contentions**: "buffer controller (201), stream clock (202), and rate multiplier, and equivalents thereof" |
| 119 | "cache control means for controlling a rate of streaming access from said linear caches; wherein said cache control means controls a rate and direction of streaming access" | 35 U.S.C. § 112(6) applies.<br><br>**Function**: "controlling a rate and direction of streaming access from each of said linear caches"<br><br>**Alternative Structure Subject to Samsung's Indefiniteness Contentions**: "buffer controller (201), stream clock (202), and rate multiplier, and equivalents thereof" |

| | | |
|---|---|---|
| 58, 78 | "synchronization means for synchronizing streamed information from said linear cache for delivery to said cache access means" | 35 U.S.C. § 112(6) applies.<br><br>**Function**: "synchronizing streamed information from the linear cache for delivery to the cache access means"<br><br>**Alternative Structure Subject to Samsung's Indefiniteness Contentions**: "stream clock (202) and buffer controller (201) programmed to execute the synchronization algorithm described at 7:32-67, and equivalents thereof" |

## II. P.R. 4-3(b) Disputed Terms

Exhibits A through C attached hereto contain the parties' proposed constructions for each disputed term, phrase, or clause together with the intrinsic and extrinsic evidence that the parties contend support their proposed constructions.[1] [2]

Exhibits A1-A8 contain the parties' proposed constructions for each disputed claim term, phrase, or clause in the '389, '195, '472, '476, '043, '333, '592, and '090 patents, respectively.

Exhibits B1-B8 contain TiVo's intrinsic and extrinsic evidence in support of its constructions on both the TiVo and Samsung Asserted Patents. Exhibits C1-C8 contain Samsung's intrinsic and extrinsic evidence in support of its constructions on both the TiVo and Samsung Asserted Patents, as follows:

| Patent | Proposed Constructions | TiVo's Evidence | Samsung's Evidence |
|---|---|---|---|
| 6,233,389 | Exhibit A1 | Exhibit B1 | Exhibit C1 |

---

[1] Samsung contends that the following terms identified in Exhibits A-C are not properly before the Court because TiVo did not provide proposed constructions for these terms in its P.R. 4-2 disclosures: "accepting television (TV) broadcast signals, wherein said TV signals are based on a multitude of standards" (claims 1, 32); "accepts broadcast data" (claims 31, 61); "parses" (claims 1, 31, 32, 61); "object" (claims 31, 61). Samsung contends that no construction is necessary for any of these terms but reserves its right to propose constructions and/or identify extrinsic evidence including expert opinion in response to TiVo's untimely disclosure of proposed constructions for these terms.

[2] TiVo contends that the terms to which Samsung objects are properly before the Court. TiVo understood that there was no dispute as to the plain meaning of these terms, and proposed an agreed upon construction. But Samsung as does not agree to that construction, it now appears that there is a dispute.

| | | | |
|---|---|---|---|
| 6,792,195 | Exhibit A2 | Exhibit B2 | Exhibit C2 |
| 7,558,472 | Exhibit A3 | Exhibit B3 | Exhibit C3 |
| 8,457,476 | Exhibit A4 | Exhibit B4 | Exhibit C4 |
| 5,978,043 | Exhibit A5 | Exhibit B5 | Exhibit C5 |
| 6,181,333 | Exhibit A6 | Exhibit B6 | Exhibit C6 |
| 7,231,592 | Exhibit A7 | Exhibit B7 | Exhibit C7 |
| 8,233,090 | Exhibit A8 | Exhibit B8 | Exhibit C8 |

### III. P.R.4-3 (c) Anticipated Length of Time for the Claim Construction Hearing

TiVo expects that 3 hours will provide sufficient time to conduct the claim construction hearing.

Samsung expects that 4 hours will provide sufficient time to conduct the claim construction hearing in light of the number of asserted claims and disputed terms at issue across all eight (8) TiVo and Samsung Asserted Patents.

### IV. P.R.4-3 (d) Anticipated Witnesses at the Claim Construction Hearing

The parties do not believe that live testimony is necessary for the Claim Construction Hearing. However, the parties may present testimony from the parties' experts opining on claim construction issues in the form of written declarations and/or deposition testimony, to aid the Court in making its findings. Attached as Exhibit D is Samsung's summary of opinions to be offered by its experts Dr. Robert Stevenson, Mr. Joseph McAlexander, and Dr. Tim Williams.

### V. P.R.4-3 (e) Other Issues to be addressed at the Claim Construction Hearing

The parties do not currently believe that there are any other issues that might be appropriately addressed at a prehearing conference prior to the Claim Construction Hearing.

Dated: August 10, 2016                                  Respectfully submitted,

| | |
|---|---|
| */s/ Thad Kodish* | */s/ Benjamin Haber* |
| Thad Kodish | Benjamin Haber |
| | |
| ***Counsel for Samsung Defendants*** | **MCKOOL SMITH PC** |
| Ruffin B. Cordell | Sam Baxter, Lead Attorney |
| TX Bar No. 04820550 | Texas State Bar No. 01938000 |
| cordell@fr.com | sbaxter@mckoolsmith.com |
| Michael J. McKeon | McKool Smith |
| D.C. Bar No. 459780 | 300 Crescent Court, Suite 1500 |
| mckeon@fr.com | Dallas, Texas 75201 |
| Michael C. Tyler | TEL: 214.978.4016 |

TX Bar No. 24051454 | FAX: 214.978.4044
tyler@fr.com
FISH & RICHARDSON P.C. | **IRELL & MANELLA LLP**
1425 K Street N.W., 11th Floor | Morgan Chu
Washington, DC 20005 | mchu@irell.com
Telephone: (202) 783-5070 | Andrei Iancu
Facsimile: (202) 783-2331 | aiancu@irell.com
  | Richard M. Birnholz
Thad Kodish | rbirnholz@irell.com
Georgia Bar No.: 427603 | Thomas C. Werner
TKodish@fr.com | twerner@irell.com
Christopher O. Green | 1800 Avenue of the Stars, Suite 900
Georgia Bar No. 037617 | Los Angeles, California 90067-4276
cgreen@fr.com | Telephone: (310) 277-1010
Noah C. Graubart | Facsimile: (310) 203-7199
Georgia Bar No.: 141862 | Attorneys for Plaintiff TiVo Inc.
graubart@fr.com

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On August 10, 2016, I served the foregoing document described as **JOINT 4-3 CLAIM CONSTRUCTION AND PREHEARING STATEMENT** on each interested party.

☒ (BY ELECTRONIC MAIL) I caused the foregoing document to be served electronically by electronically mailing a true and correct copy through Irell & Manella LLP's electronic mail system to the e-mail address(es) reflected on the service email, and the transmission was reported as complete and no error was reported.

Executed on August 10, 2016, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Benjamin Haber | */s/ Benjamin Haber* |
|:---:|:---:|
| (Type or print name) | (Signature) |