# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| TIVO INC., <br><br>            Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC. <br><br>          Defendants. | Case No. 2:15-CV-1503-JRG <br><br> **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br>          Counterclaim Plaintiffs, <br><br> vs. <br><br> TIVO INC., <br><br>          Counterclaim Defendant. | |

## MOTION TO DISMISS SAMSUNG'S COUNTERCLAIM COUNT SEVEN AND STRIKE SAMSUNG'S NINTH AFFIRMATIVE DEFENSE ALLEGING INEQUITABLE CONDUCT

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................ 1

II.     FACTUAL AND PROCEDURAL BACKGROUND........................................ 3

III.    THE COURT SHOULD DISMISS SAMSUNG'S INEQUITABLE CONDUCT
        DEFENSE AND COUNTERCLAIM FOR FAILING TO MEET THE
        FEDERAL CIRCUIT'S PLEADING REQUIREMENTS.................................. 4

        A.      Inequitable Conduct Defenses And Claims Require Particularized
                Allegations ...................................................................................... 4

        B.      Samsung Has Not Pleaded That Any Individual Had Knowledge And Intent
                To Deceive As To TiVo's Arguments Concerning Priority Date ............................ 6

                1.      Samsung's Allegations Against Prosecution Attorney Kirk Wong Fail
                        To Meet The Pleading Requirements ................................................ 6

                2.      Samsung's Allegations About "Applicants" Fail To Meet The Pleading
                        Requirements ...................................................................... 9

        C.      Samsung Has Not Pleaded That Any Named Individual Had Knowledge
                And Intent To Deceive As To Non-Disclosure Of Alleged Series 1 Prior Art........ 10

        D.      Samsung Has Not Pleaded That Any Named Individual Had Knowledge
                And Intent To Deceive As To Alleged Texas Instruments Prior Art ...................... 12

                1.      Failure To Plead The "Who"............................................................ 12

                2.      Failure To Plead Knowledge ......................................................... 12

                3.      Failure To Plead Deceptive Intent ................................................ 13

        E.      Samsung's Amended Answer Fails To Adequately Plead "Egregious
                Conduct" .......................................................................................... 13

IV.     THE DOCTRINE OF INFECTIOUS UNENFORCEABILITY IS
        INAPPLICABLE .......................................................................................... 14

V.      THE COURT SHOULD NOT GRANT LEAVE TO AMEND ...................................... 15

VI.     CONCLUSION............................................................................................ 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*1st Media, LLC v. Elec. Arts, Inc.*,
694 F.3d 1367 (Fed. Cir. 2012) ...........................................................................6, 11, 13

*ACCO Brands, Inc. v. Pc Guardian Anti-Theft Prods.*,
592 F. Supp. 2d 1208 (N.D. Cal. 2008) ...........................................................................14

*Agfa Corp. v. Creo Prods.*,
451 F.3d 1366 (Fed. Cir. 2006) ...........................................................................15

*Apotex Inc. v. UCB, Inc.*,
763 F.3d 1354 (Fed. Cir. 2014) ...........................................................................13

*Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols.*,
482 F.3d 1347 (Fed. Cir. 2007) ...........................................................................5

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
575 F.3d 1312 (Fed. Cir. 2009) ................................................................ *passim*

*FMC Corp. v. Manitowoc Corp.*,
835 F.2d 1411 (Fed. Cir. 1987) ...........................................................................4

*Human Genome Scis., Inc. v. Genentech, Inc.*,
Case No. 2:11-cv-6519, 2011 U.S. Dist. LEXIS 153834
(C.D. Cal. Dec. 9, 2011) ...........................................................................8

*iLife Techs., Inc. v. Aliphcom*,
No. 14-cv-3345, 2015 U.S. Dist. LEXIS 20743
(N.D. Cal. Feb. 19, 2015) ...........................................................................14

*Intellect Wireless, Inc. v. HTC Corp.*,
732 F.3d 1339 (Fed. Cir. 2013) ...........................................................................13

*Life Techs., Inc. v. Clontech Labs., Inc.*,
224 F.3d 1320 (Fed. Cir. 2000) ...........................................................................8

*Mitsubishi Heavy Indus., Ltd. v. Gen. Elec.*,
No. 10-cv-812, 2012 WL 831525 (M.D. Fla. Mar. 12, 2012) ...........................................................................10

*Optical Coating Lab., Inc. v. Applied Vision, Ltd.*,
No. C-92-4689, 1995 U.S. Dist. LEXIS 4565
(N.D. Cal. Mar. 20, 1995) ...........................................................................15

*Pharmacia Corp. v. Par Pharm.*,
417 F.3d 1369 (Fed. Cir. 2005) ...........................................................................14, 15

- ii -

*Powell v. Home Depot U.S.A., Inc.*,
    663 F.3d 1221 (Fed. Cir. 2011) ........................................................................13

*Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*,
    599 F.3d 1308 (Fed. Cir. 2010) ..........................................................................5

*Rothman v. Target Corp.*,
    556 F.3d 1310 (Fed. Cir. 2009) ..........................................................................7

*Senju Pharm. Co. v. Apotex, Inc.*,
    921 F. Supp. 2d 297 (D. Del. 2013)..................................................................13

*SSIH Equipment S.A. v. ITC*,
    718 F.2d 365 (Fed. Cir. 1983) ..........................................................................14

*Syntex LLC v. Apotex, Inc.*,
    No. 01-2214, 2003 U.S. Dist. LEXIS 26489 (N.D. Cal. Dec. 29, 2003),
    *affirmed in relevant part and reversed in nonrelevant part by* 407 F.3d
    1371 (Fed. Cir. 2005)..........................................................................................5

*Therasense, Inc. v. Becton, Dickinson & Co.*,
    649 F.3d 1279 (Fed. Cir. 2011) .............................................................. *passim*

*TiVo, Inc. v. Echostar Commc'ns Corp.*,
    No. 2:04-cv-1, Aug. 17, 2006 Order........................................................7, 10

*Young v. Lumenis, Inc.*,
    492 F.3d 1336 (Fed. Cir. 2007) ..........................................................................8

**Rule**

Fed. R. Civ. P. 9(b) .................................................................................4, 5, 7

**Statutes**

35 U.S.C. § 112...................................................................................3, 4, 11

35 U.S.C. § 120............................................................................................11

**Other Authorities**

MPEP .............................................................................................................9

MPEP 201.08................................................................................................11

MPEP 211 ......................................................................................................9

MPEP 2001 ..................................................................................................12

## I.   INTRODUCTION

Eleven months after TiVo first brought this case, and on the very last day for amending pleadings, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") filed a Third Amended Answer accusing TiVo of inequitable conduct in prosecuting U.S. Patent Nos. 7,558,472, (the "'472 Patent") and 8,457,476 (the "'476 Patent"). Samsung's accusations are baseless and fail to state a claim.  They perpetuate the "plague" of inequitable conduct assertions that needlessly "clutter[] up the patent system." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1279, 1289 (Fed. Cir. 2011) (quotation omitted).  They should be dismissed without leave to amend.

Samsung's amended answer takes three of Samsung's pre-existing, garden-variety validity defenses and tries to spin them as inequitable conduct claims.  In particular, Samsung has earlier in the litigation argued that the '472 and '476 patents are invalid because (1) the asserted claims allegedly are not entitled to the benefit of the priority date of TiVo's U.S. Patent No. 6,233,289 (the "'389 Patent"); (2) the TiVo Series 1 product anticipates the asserted claims; and (3) certain Texas Instruments ("TI") chips anticipate the asserted claims.  Now, months later, Samsung alleges the very same invalidity theories recast as inequitable conduct claims.

But Samsung's allegations do not meet the Federal Circuit's exacting pleading requirements.  To successfully assert an inequitable conduct claim, Samsung must identify a specific individual who purportedly defrauded the Patent Office ("PTO") and the factual basis for alleging that this individual *both* (1) knew of the materiality of the alleged fact or prior art or falsity of the factual representation *and* (2) acted with a specific intent to deceive the PTO. Samsung has not come close to meeting this standard:

- Samsung has not alleged any facts supporting the accusation that veteran patent prosecutor Kirk Wong committed inequitable conduct by making arguments to the

patent office about the proper priority date of the '472 and '476 Patents—arguments that the PTO *independently* considered and agreed with.  Indeed, Samsung improperly makes this serious accusation only "on information and belief" and without any factual basis.  Samsung deposed Mr. Wong before filing its amendment, yet presents no facts from the deposition to support its allegation.  A patent prosecutor's arguments to the PTO cannot form the basis for an inequitable conduct claim, even where (as here) an accused infringer later claims that the arguments were wrong.

- Samsung's allegation that other unnamed "applicants" committed a variety of acts of inequitable conduct does not meet the basic requirements of identifying a specific individual.

- Samsung has not provided any basis for alleging that any individual knew of the purported materiality of the TiVo Series 1 product or the TI chips to the '472 and '476 Patents or had the requisite intent to deceive the PTO in failing to disclose them.

Another important problem with Samsung's pleading is its improper attempt to sweep TiVo's '389 Patent into its deficient inequitable conduct theory.  Samsung's pleading does not contain ***any*** allegation that anyone committed inequitable conduct in the prosecution of the '389 Patent.  Rather, all of Samsung's allegations relate solely to the '472 and '476 Patents, and the allegedly improper conduct occurred after the '389 Patent had already issued.  Samsung's only purported basis for including the '389 Patent is the legal doctrine of "infectious unenforceability"—*i.e.*, that the inequitable conduct with respect to the '472 and '476 Patents somehow infected the '389 Patent.  This theory fails as a matter of law, as inequitable conduct claims cannot extend to patents acquired before the alleged inequitable conduct occurred.

This is yet another case where a defendant has baselessly injected the serious allegations of fraud on the PTO into a patent litigation.  TiVo respectfully requests that the Court dismiss

Samsung's Counterclaim Count Seven and strike Samsung's Ninth Affirmative Defense.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

TiVo brought this suit against Samsung for infringement of four TiVo patents on important advances in digital video recording.  On November 17, 2015, Samsung filed an Answer to TiVo's Complaint.  Dkt. No. 16.  Samsung then filed a Second Amended Answer three months later, on February 11, 2016.  Dkt. No. 34.  Six months later, on August 8, 2016, the deadline for any such amendment (and corrected on August 29, 2016, Dkt. No. 167-1), Samsung filed its Third Amended Answer asserting an affirmative defense (the Ninth Affirmative Defense) and counterclaim (Count Seven) based on alleged inequitable conduct.  Dkt. No. 149.[1]

Samsung's Third Amended Answer alleges three bases for its inequitable conduct defense and counterclaim.  First, Samsung claims that "one or more Applicants (including prosecution attorney, Kirk Wong) made material misrepresentations, with the intent to deceive the USPTO, by filing false statements concerning the [priority date of the] '472 patent, and continue to make misrepresentations after issuance of the '472 patent by prosecuting the progeny of the '472 patent, including the '476 patent."  TAA at ¶ 84.  Samsung asserts that the '472 and '476 Patents are not supported by the '389 Patent's priority date "because the '389 patent specification does not provide 35 U.S.C. § 112 support for the subject matter claimed."  *Id*. at ¶ 88.  This legal argument was one that Samsung has previously made in the context of its invalidity contentions.  *See, e.g.,* Samsung Invalidity Contentions ("SIC") at 39, 52 (incorporated by reference to the TAA at ¶ 121).

Second, Samsung asserts that "one or more Applicants . . . upon information and belief, deliberately withheld material prior references, including the TiVo Series 1 product."  TAA at ¶ 106.  Samsung bases this portion of its claim on the assertion of the "fact" that the '472 and

---

[1] Count Seven seeking a declaration of unenforceability incorporates the allegations of the Ninth Affirmative Defense.  TAA at 40-41, ¶¶ 63-66.  TiVo's motion addresses both Samsung's Ninth Affirmative Defense and Count Seven.

'476 Patents are *not* entitled to the '389 Patent's priority date. *Id*. at ¶ 107. Of course, this is not a fact; it is Samsung's disputed legal argument. Samsung has previously asserted the TiVo Series 1 product as prior art in its invalidity defense. *See, e.g.,* Claim Two (Invalidity); SIC at 44, 48.

Third, Samsung alleges that "Applicants, including inventors Heaton, Chow, Lockett, Kao, and McInnis had individual duties of candor and good faith to the USPTO" and that "Applicants" "were aware of the Texas Instruments TMS320AV7110 Integrated Set-Top Box Decoder" and the "TMS320AV7100 Integrated Set-Top Digital Signal Processor," but failed to disclose this art "with the intent to deceive the USPTO." TAA at ¶¶ 116-118, 122. Allegedly, "Applicants were aware that Texas Instruments was a large supplier of components for set top boxes in the 1998 timeframe . . . [and] of Texas Instrument products applicable to TiVo's set top box products, and had access to publicly available materials describing the same." *Id*. at ¶ 122. Samsung's allegations of knowledge and intent are made only upon "information and belief," *id*. at ¶¶ 117-118, 122, which is especially troubling, as Samsung does not rely on any facts, despite deposing inventors Heaton, Lockett, and McInnis before making those allegations. Samsung has previously relied on the TI processors as part of its invalidity case. SIC & Appxs. A, C, D.

## III. THE COURT SHOULD DISMISS SAMSUNG'S INEQUITABLE CONDUCT DEFENSE AND COUNTERCLAIM FOR FAILING TO MEET THE FEDERAL CIRCUIT'S PLEADING REQUIREMENTS

### A. Inequitable Conduct Defenses And Claims Require Particularized Allegations

The Federal Circuit has established rigorous standards for inequitable conduct claims under Federal Rule of Civil Procedure 9(b), which requires "the circumstances constituting fraud or mistake [to] be stated with particularity," including "explicit rather than implied expressions of the circumstances constituting fraud." *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326-27 (Fed. Cir. 2009). "'Inequitable conduct' is not, or should not be, a magic incantation to be asserted against every patentee." *FMC Corp. v. Manitowoc Corp.*, 835 F.2d

1411, 1415 (Fed. Cir. 1987).  To the contrary, "[t]he defense of inequitable conduct in response to a patent infringement suit is strongly disfavored."  *Syntex LLC v. Apotex, Inc.*, No. 01-2214, 2003 U.S. Dist. LEXIS 26489, at *97 (N.D. Cal. Dec. 29, 2003), *affirmed in relevant part and reversed in nonrelevant part by* 407 F.3d 1371 (Fed. Cir. 2005)*.

In *Therasense*, the Federal Circuit recognized that "low standards for intent and materiality have inadvertently led to many unintended consequences, among them, increased adjudication cost and complexity, reduced likelihood of settlement, burdened courts, strained PTO resources, increased PTO backlog, and impaired patent quality."  649 F.3d at 1290.  Accordingly, the Federal Circuit "tighten[ed] the standards for finding both intent and materiality in order to redirect a doctrine that has been overused to the detriment of the public."  *Id*.  A "specific and demanding showing[] of evidence [is required] before a party may assert the defense of inequitable conduct." *Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1320 (Fed. Cir. 2010).

In particular, a charge of inequitable conduct requires that (1) "an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information," and (2) "the individual did so with a specific intent to deceive the PTO."  *Exergen*, 575 F.3d at 1327 n.3.  An inequitable conduct claim "must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO."  *Id*. at 1328.  Facts and circumstances supporting a finding of *each* element in relation to a particular individual must be pleaded with specificity.  *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007).  Factual deficiencies as to any element are "fatal under Rule 9(b)."  *Exergen*, 575 F.3d at 1330.

Under this case law, the two key allegations that must be alleged against a particular person are "materiality" and "intent."  "[T]he materiality required to establish inequitable conduct

is but-for materiality … [P]rior art is but-for material if the PTO *would not have allowed* a claim had it been aware of the undisclosed prior art." *Therasense*, 649 F.3d at 1291. (emphasis added). The requirements for intent are equally stringent.  A pleading of inequitable conduct "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Exergen*, 575 F.3d at 1328-29.  A claim must include fact-specific and substantiated allegations that a reference was withheld or a misrepresentation was made with the "requisite state of mind," *id*. at 1327, such that those facts "give rise to a reasonable inference of scienter." *Id*. at 1330.  "[T]he specific intent to deceive must be 'the single most reasonable inference able to be drawn from the [allegations].'" *Therasense*, 649 F.3d at 1290 (quoting *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2009)).  "[W]hen there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." *Id*. at 1290-91 (citation omitted).  "Knowledge of the reference and knowledge of materiality alone are insufficient after *Therasense* to show an intent to deceive." *1st Media, LLC v. Elec. Arts, Inc.*, 694 F.3d 1367, 1374 (Fed. Cir. 2012).  A misrepresentation or omission that results from negligence, or even gross negligence, will not suffice.  *Therasense*, 649 F.3d at 1290.

### B.     Samsung Has Not Pleaded That Any Individual Had Knowledge And Intent To Deceive As To TiVo's Arguments Concerning Priority Date

#### 1.     Samsung's Allegations Against Prosecution Attorney Kirk Wong Fail To Meet The Pleading Requirements

The only person whom Samsung references in its accusations about the priority date is TiVo prosecution attorney Mr. Wong, alleging "[u]pon information and belief, one or more Applicants (including patent prosecution attorney, Kirk Wong) made material misrepresentations" about the priority date issue relating to the '472 and '476 Patents.  TAA at ¶ 84.  Mr. Wong is a

founding partner of Wong & Rees LLP in Santa Clara, California, and has prosecuted patents before the PTO for nearly two decades.  In ruling against a previous, similarly meritless inequitable conduct accusation against Mr. Wong in TiVo's case against Echostar, the Court specifically held that Mr. "Wong had a strong motivation ***not*** to withhold references from [or otherwise deceive] the Patent Office."  *TiVo, Inc. v. Echostar Commc'ns Corp.*, No. 2:04-cv-1, Aug. 17, 2006 Order (Dkt No. 772) at 8 (emphasis added).

Here, Samsung's allegations against Mr. Wrong are equally deficient and without merit. Indeed, the Federal Circuit requires much more before allegations of fraud on the PTO are countenanced.  First, Samsung has not met the requirements for asserting "information and belief" to support the serious accusation of fraud on the PTO against Mr. Wong.  "Pleading on 'information and belief' [may be] permitted under Rule 9(b) when essential information lies uniquely within another party's control, [and] only if the pleading sets forth the specific facts upon which the belief is reasonably based."  *Exergen*, 575 F.3d at 1330.  In this case, Samsung had *months* to conduct extensive discovery and, in fact, took the deposition of Mr. Wong on July 27, 2016, before filing its Third Amended Answer.  But Samsung obtained no facts supporting its allegations, as neither Mr. Wong's deposition testimony nor any other discovery it obtained gave Samsung a basis for making this serious charge on "information and belief"—or otherwise. Instead, Samsung's pleading, contrary to the Federal Circuit's requirement, "provides neither the 'information' on which it relies nor any plausible reasons for its 'belief.'" *Id.* at 1331.  It therefore fails to adequately plead inequitable conduct against Mr. Wong.

Second, the fact that Mr. Wong made an argument to the PTO that Samsung contends is incorrect cannot form the basis for an inequitable conduct claim.  A "prosecuting attorney is free to present argument in favor of patentability without fear of committing inequitable conduct." *Rothman v. Target Corp.*, 556 F.3d 1310, 1328-29 (Fed. Cir. 2009).  Statements "which consist of

- 7 -

attorney argument and an interpretation of what the prior art discloses" do not evidence "affirmative misrepresentations of material fact." *Young v. Lumenis, Inc.*, 492 F.3d 1336, 1349 (Fed. Cir. 2007).  Inequitable conduct is not a tool to twist valid attorney argument into intentional misrepresentation; an applicant or attorney may freely "advocate[] a particular interpretation" of its claims or the prior art, "which the Examiner was free to accept or reject." *Life Techs., Inc. v. Clontech Labs., Inc.*, 224 F.3d 1320, 1326 (Fed. Cir. 2000).  Indeed, "[a]fter *Therasense*, an accused infringer cannot drop the 'atomic bomb' by mere conjecture that the prosecution attorney's zealous arguments were inequitable conduct.  Attorneys prosecuting a patent should be able to correct mistakes, change their opinion, or adjust their argument to convince the examiner without risking invalidation of the patent by a later finding of inequitable conduct.  As devastating as inequitable conduct can be, pleading the charge should require more." *Human Genome Scis., Inc. v. Genentech, Inc.*, Case No. 2:11-cv-6519, 2011 U.S. Dist. LEXIS 153834, at *21-22 (C.D. Cal. Dec. 9, 2011); *id.* at *21 (rejecting claims of inequitable conduct based on, *inter alia*, allegedly improper assertion of priority date ).

In contravention of these legal principles, Samsung attempts to transform its own litigation arguments about the proper priority date of the '472 and '476 Patents into a "fact" that was *per se* fraudulent for TiVo ever to deny.  For example, Samsung attempts to rely on its *own* assertion that the '389 Patent's specification does not disclose a "bus arbiter" or a configuration in which a "'media switch' is part of an 'output section.'"  TAA at ¶¶ 89-90.  This is a hotly-disputed legal argument that Samsung has previously asserted as part of its invalidity defense.  *See, e.g.,* Dkt No. 71 (motion to compel on priority claim interrogatory); SIC at 39, 52 (arguing priority date for '472 and '476 Patents).  TiVo, of course, strenuously disagrees and has already cited support for these claim elements in the '389 Patent specification.  *See* TiVo 4th Suppl. Resp. (Interrog. No. 18) (including priority claims for terms including "bus arbiter," "media switch" and "output section").

Because its allegation is premised on a legal argument rather than facts, Samsung has nothing but attorney argument to support its claim of "knowledge of falsity,"  much less an intent to deceive, on the part of Mr. Wong.  Samsung's allegations that the positions Mr. Wong articulated on the priority date are "unmistakably false" and that "no reasonable patent practitioner" would have held otherwise (TAA at ¶¶ 84, 100), is (incorrect) attorney argument, not fact.  Moreover, there is no legal support for Samsung's argument that taking a position as to priority later in a prosecution constitutes inequitable conduct.  *Id.* at ¶¶ 91-93.  To the contrary, amending an application to claim an earlier priority date is standard prosecution practice that is expressly allowed by the patent rules.  MPEP 211 (application may be "amended to contain a specific reference to the earlier filed application.").[2]  Here, Mr. Wong presented patentability arguments to the PTO that the MPEP expressly permits and that are common practice during patent prosecution.  Were Samsung allowed to sustain an inequitable conduct claim on that basis, a patent infringement defendant would always be able to allege inequitable conduct whenever the defendant disputed the position that the patentee took about priority.  This would violates both the rule that arguments in prosecution do not give rise to an inequitable conduct claim and the Federal Circuit's exacting pleading requirements.

### 2.      Samsung's Allegations About "Applicants" Fail To Meet The Pleading Requirements

Samsung also accuses unspecified "Applicants" of inequitable conduct concerning the priority date.  TAA at ¶ 84.  However, Samsung is not permitted to base an inequitable conduct claim on an assertion that amorphous, unnamed "Applicants" committed inequitable conduct.  *See,*

---

[2] Also according to Samsung, "Applicants'" priority date claim for more recent patents related to the '472 and '476 Patents and nondisclosure of Samsung's myriad allegations in this case "are evidence of a pattern or plan to deceive the USPTO."  TAA at ¶ 103.  However, Samsung fails to assert that the alleged nondisclosure was either known or intended.  Samsung does not even allege that the "applicants" were aware of Samsung's filings in this case.

- 9 -

*e.g., Mitsubishi Heavy Indus., Ltd. v. Gen. Elec.*, No. 10-cv-812, 2012 WL 831525, at *2 (M.D. Fla. Mar. 12, 2012) ("Through the 'and' part of the conjunction, GE has managed to lump the named inventors, attorneys, and agents together under the title 'Applicants,' and through the 'or' portion GE has disjoined them; the result is that GE has failed to specifically identify who is guilty of misconduct.").

Nor can Samsung allege specific intent with respect to those undifferentiated and unnamed "Applicants."  The closest Samsung comes is by reference to the *materiality* of the alleged conduct of the "Applicants."  *See, e.g.,* TAA at ¶ 84 ("The selective withholding and/or misrepresentation of such highly *material information* is *indicative* of a *plain intent to deceive*.") (emphasis added). This fails as a matter of law, as the *en banc* Federal Circuit has rejected this precise form of an inequitable conduct allegation:  a "court *may not* infer intent solely from materiality."  *Therasense*, 649 F.3d at 1290 (emphasis added).

## C.   Samsung Has Not Pleaded That Any Named Individual Had Knowledge And Intent To Deceive As To Non-Disclosure Of Alleged Series 1 Prior Art

With respect to its claim of inequitable conduct concerning the TiVo Series 1 product, Samsung fundamentally fails to meet the pleading requirements by failing to identify *any* specific individual who allegedly had the requisite knowledge and intent.  Instead, Samsung again alleges that "Applicants" were "aware[] of the TiVo Series 1 and its anticipatory nature" and "withheld information regarding the TiVo Series 1 product from the USPTO" which was "[u]pon information and belief … with the intent to deceive the USPTO."  TAA at ¶¶ 106-113.

This threadbare allegation does not meet the pleading requirement that Samsung allege that a *specific individual* knew "the material[ity of the] information and deliberately withheld" it. *Exergen*, 575 F.3d at 1329 (reference to "Exergen, its agents and/or attorneys" insufficient).[3]  Even

---

[3] Samsung alleges that *TiVo* admits that the Series 1 "practiced all asserted claims of the '472 and '476 patents."  *Id*. at ¶ 109.  This assertion is factually incorrect, as TiVo has made clear

had particular (unnamed) individuals known of the Series 1 product, there is no factual support that such individuals were "aware" of its allegedly "anticipatory nature."  *Id*. at 1328 ("conclusory statement that [the registrant] knew [the product to be anticipatory] is not supported by a pleading of any facts which reflect [the registrants] belief . . .").  Samsung already deposed several of these inventors, and could not elicit facts supporting its allegations.  That lack of supporting evidence cannot be replaced by unsubstantiated "information and belief."

Indeed, the facts show that there was good reason for Applicants *not* to think the Series 1 product was material.  Samsung's pleading (incorrectly) assumes that the '472 and '476 Patents are not entitled to the '389 Patent's priority date, therefore imbuing the Series 1 product with prior art materiality, *see* TAA at ¶ 107, and then attributes the same assumption to the "Applicants."  But contrary to Samsung's allegations, the patent examiner held that the '472 and '476 Patents ***were*** entitled to the '389 Patent's priority date.  *See* MPEP 201.08 ("The Office does not need to make a determination as to whether the requirement of 35 U.S.C. 120 that the earlier nonprovisional application discloses the invention of the second application in the manner provided by 35 U.S.C. 112(a) is met ***unless the filing date of the earlier nonprovisional application is relied upon in a proceeding before the Office.***") (emphasis added).  If anything, the "Applicants" knew that the Series 1 products were irrelevant as post-dating the priority date found by the examiner.  Therefore, not only is there no evidence of materiality, there is even less basis to allege that these unnamed individuals acted with intent to deceive.  *See, e.g., 1st Media*, 694 F.3d at 1372-73 ("A court can no longer infer intent to deceive from non-disclosure of a reference solely because that reference was known and material.").

---

that "[r]egarding whether such products embodied the claimed inventions of the '472 and '476 patents, such a conclusion is premature at this stage in the case, e.g., because the court has not construed the claims of these patents, nor has any party provided expert analysis on this issue." TiVo 3rd Suppl. Resp. (Interrog. No. 16).

**D.    Samsung Has Not Pleaded That Any Named Individual Had Knowledge And Intent To Deceive As To Alleged Texas Instruments Prior Art**

**1.    Failure To Plead The "Who"**

Samsung's accusations as to the alleged TI prior art similarly fail to allege the *who* in relation to the relevant factors:  *knowledge* of the omitted references, *knowledge* of the references' materiality, and *specific intent* to deceive.  Samsung alleges that "Applicants" "were aware of the Texas Instruments TMS320AV7110 Integrated Set-Top Box Decoder" and the "TMS320AV7100 Integrated Set-Top Box Digital Signal Processor" and failed to disclose the same "with the intent to deceive the USPTO," and that "Applicants, including inventors Heaton, Chow, Lockett, Kao, and McInnis had individual duties of candor and good faith to the USPTO."  TAA at ¶¶ 116-118, 122.  This formulation merely restates a generally known principal of law:  applicants, including inventors, before the PTO have a duty of candor to the PTO.  *See* MPEP 2001 ("Each individual associated with the filing and prosecution . . . has a duty of candor and good faith[.]").  Samsung's naming of "Applicants" and a string cite of inventors is not a pleading, but a placeholder.

**2.    Failure To Plead Knowledge**

Samsung fails to plead that any individual had knowledge of the TI references *and* of its materiality.  A pleading must "name the specific individual associated with the filing or prosecution of the application . . . who both knew of the material information and deliberately withheld or misrepresented it."  *Exergen*, 575 F.3d at 1329.  Even when an applicant knows of art, one cannot assume the applicant "also knew of the specific material information contained in that reference."  *Id.* at 1330.

Again Samsung fails to plead facts demonstrating knowledge of the references or "the material[ity of the] information," *id*. at 1329, instead relying—and asking this Court to rely—on

its own "belief."[4]  *Id*. at 1326-27, 1330-31.  Samsung's assertion "falls short of the pleading

standard."  *See, e.g., Senju Pharm. Co. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 307 (D. Del. 2013).

### 3. Failure To Plead Deceptive Intent

Samsung also fails to adequately plead intent, basing its intent allegation on "information

and belief" without alleging any facts to support such a belief.  TAA at ¶ 122.  Even if Samsung

could allege the requisite knowledge, that would not demonstrate intent.  *See, e.g., 1st Media*, 694

F.3d at 1374.  Samsung has not alleged any facts by which the Court may infer deceptive intent.

### E. Samsung's Amended Answer Fails To Adequately Plead "Egregious Conduct"

Samsung generally asserts that "Applicants'" assertion of the '472 and '476 Patents' priority

dates constituted "egregious misconduct."  TAA at ¶¶ 84, 96, 104.  Affirmatively egregious

conduct must involve (1) acts such as "perjury, the manufacture of false evidence, and the

suppression of evidence," which reflected (2) "planned and carefully executed scheme[s] to

defraud not only the PTO, but also the courts."  *Therasense*, 649 F.3d at 1287; *see also Intellect*

*Wireless, Inc. v. HTC Corp.*, 732 F.3d 1339, 1344 (Fed. Cir. 2013) (finding egregious conduct

where patentee submitted knowingly false affidavit); *Powell v. Home Depot U.S.A.*, *Inc.*, 663 F.3d

1221 (Fed. Cir. 2011) (failure to update USPTO that certain circumstances no longer existed not

"egregious conduct").  Nondisclosure of prior art references does not meet this standard.

*Therasense*, 649 F.3d at 1292-93; *see also Apotex Inc. v. UCB, Inc.*, 763 F.3d 1354, 1362 (Fed.

Cir. 2014) (no egregious conduct despite persistent pattern of misconduct and withholding of

documents).  Indeed, "[e]gregious conduct" is a very high standard requiring significantly more

than misconduct, or even persistent misconduct.  *See, e.g., Apotex Inc.*, 763 F.3d at 1362.  It also

requires a showing of intent.  *Id*. at 1293.  Nothing in Samsung's allegations supports such a

---

[4] At deposition, Mr. Heaton stated that he did not recall ever seeing the TI references, and
Samsung never presented the references to Messrs. Lockett, McInnis, or Wong.

serious accusation.

## IV.    THE DOCTRINE OF INFECTIOUS UNENFORCEABILITY IS INAPPLICABLE

Samsung does not allege any actual acts of misconduct in TiVo obtaining the '389 Patent.

Rather, its allegation of unenforceability as to the '389 Patent relies solely on the legal theory that,

under the doctrine of "infectious unenforceability," the supposed "inequitable conduct" as to the

'472 and '476 Patents "infected" the already-issued '389 Patent.  See TAA at ¶¶ 105, 114 (alleging

that "the '389 patent is also unenforceable under the doctrine of infectious unenforceability" due to

alleged "inequitable conduct associated with the prosecution of the '472 and '476 patents[.]").

Samsung's attempt to sweep the '389 Patent into its claims directed to the later-issuing '472

and '476 Patents fails as a matter of law for the simple, yet incontrovertible reason that the

doctrine of infectious unenforceability is not applicable to earlier granted patents.  *See, e.g.,*

*Pharmacia Corp. v. Par Pharm.*, 417 F.3d 1369, 1375 (Fed. Cir. 2005) (no infectious

unenforceability for earlier patent where applicant executed improper declaration one month after

earlier patent issued); *SSIH Equipment S.A. v. ITC*, 718 F.2d 365, 378-79 (Fed. Cir. 1983)

(rejecting unclean hands defense as a matter of law where the "acts which are alleged to have

taken place all occurred after the '762 patent issued and do not deal with the invention claimed in

the '762 patent.  Moreover, the '762 patent issued almost three years before any of the other patents

were applied for."); *ACCO Brands, Inc. v. Pc Guardian Anti-Theft Prods.*, 592 F. Supp. 2d 1208,

1224 (N.D. Cal. 2008) (*"*[T]he doctrine only applies if the 'infected' claim is an antecedent of the

claim in question. . . .  The later patent therefore cannot have infected the earlier patent.") ; *iLife*

*Techs., Inc. v. Aliphcom*, No. 14-cv-3345, 2015 U.S. Dist. LEXIS 20743, at *27 (N.D. Cal. Feb.

19, 2015) (citing *Pharmacia*, 417 F.3d at 1375) ("[T]he Federal Circuit holds that inequitable

conduct that invalidates a patent does not affect earlier issued patents.").

"[T]his court's inequitable conduct cases do not extend inequitable conduct in one patent to

another patent that was not acquired through culpable conduct." *Pharmacia*, 417 F.3d at 1375; *see also Agfa Corp. v. Creo Prods.*, 451 F.3d 1366, 1379 (Fed. Cir. 2006) (noting that even "[l]ater applications are, of course, not always tainted by the inequitable conduct of earlier applications"). Samsung does not argue that the *grant* of the '389 Patent was based on alleged misconduct related to securing the '472 or '476 Patents, nor can it.  Infectious unenforceability does not apply.

## V.    THE COURT SHOULD NOT GRANT LEAVE TO AMEND

Samsung's Third Amended Answer fails to allege nearly every fundamental element of an inequitable conduct claim.  Most alarmingly, Samsung asserts no relevant facts, and almost no facts at all.  Samsung had months to formulate its inequitable conduct claim and chose to add it on August 8, the very last day to amend pleadings.  Dkt. No. 146.  Moreover, Samsung deposed three named inventors, in addition to prosecution counsel, before filing its amended answer.  If Samsung had additional facts, it would have pleaded them.  But it does not have such facts, and therefore should not be permitted to further tar the prosecutors' and inventors' good names or complicate this action with further, futile amendments.

Further, a party cannot plead inequitable conduct and then look to discovery to try to support its allegation.  *See Optical Coating Lab., Inc. v. Applied Vision, Ltd.*, No. C-92-4689, 1995 U.S. Dist. LEXIS 4565, at *13 (N.D. Cal. Mar. 20, 1995) (dismissing inequitable conduct counterclaim and striking defense, and explaining that "[d]iscovery cannot . . . serve as a substitute for an adequate pleading").  The Court should grant this motion without leave to amend.

## VI.    CONCLUSION

Samsung should not be permitted to take run-of-the-mill validity arguments and recast them as inequitable conduct, particularly without any factual basis for doing so.  For the reasons stated above, TiVo respectfully requests that the Court dismiss Samsung's Counterclaim Count Seven and strike Samsung's Ninth Affirmative Defense.

Dated: August 29, 2016

Respectfully submitted,

/s/ Thomas C. Werner

**MCKOOL SMITH PC**
Sam Baxter, Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4016
Facsimile: (214) 978-4044

**IRELL & MANELLA LLP**
Morgan Chu
mchu@irell.com
Andrei Iancu
aiancu@irell.com
Richard M. Birnholz
rbirnholz@irell.com
Thomas C. Werner
twerner@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiff TiVo Inc.

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel have complied with the meet and confer requirement in Local Rule CV-7(h) and this Court's Orders, and this motion is opposed.  Lead and local counsel for the parties met and conferred on Monday, August 29, 2016.

*/s/ Thomas C. Werner*

Thomas C. Werner

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 29th day of August, 2016.

*/s/ Thomas C. Werner*

Thomas C. Werner

9879699