# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TIVO INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Defendants. | Case No. 2:15-CV-1503-JRG <br><br> **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Counterclaim Plaintiffs, <br><br> vs. <br><br> TIVO INC., <br><br> Counterclaim Defendant. | |

**REPLY IN SUPPORT OF MOTION TO DISMISS SAMSUNG'S COUNTERCLAIM COUNT SEVEN AND STRIKE SAMSUNG'S NINTH AFFIRMATIVE DEFENSE ALLEGING INEQUITABLE CONDUCT (Dkt. 169)**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. SAMSUNG HAS FAILED TO PLEAD INEQUITABLE CONDUCT............................. 1

    A. Inequitable Conduct Defenses And Claims Require Particularized Allegations ................................................................................................ 1

    B. Samsung Has Not Pled That Kirk Wong Had Knowledge And Intent To Deceive As To Samsung's Arguments Concerning Priority Date ............................ 2

    C. Samsung Has Not Pled That Any Named Individual Had Knowledge And Intent To Deceive As To Non-Disclosure Of Alleged Series 1 Prior Art ................ 3

    D. Samsung Has Not Pled That Any Individual Had Knowledge And Intent To Deceive As To Alleged Texas Instruments Prior Art .................................................. 4

    E. Samsung Has Not Pled "Egregious Conduct" ............................................................ 5

III. THE COURT SHOULD NOT GRANT LEAVE TO AMEND ......................................... 5

IV. CONCLUSION..................................................................................................................... 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*1st Media, LLC v. Elec. Arts, Inc.*,
   694 F.3d 1367 (Fed. Cir. 2012)............................................................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................................................4

*Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols. P.C.*,
   482 F.3d 1347 (Fed. Cir. 2007)............................................................................................4

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
   575 F.3d 1312 (Fed. Cir. 2009)....................................................................................*passim*

*Mitsubishi Heavy Indus., Ltd. v. Gen. Elec. Co.*,
   No. 6:10-CV-812-ORL-28, 2012 WL 831525 (M.D. Fla. Mar. 12, 2012)..................................3

*Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*,
   599 F.3d 1308 (Fed. Cir. 2010)............................................................................................1

*SynQor, Inc. v. Cisco Sys.*,
   No. 2:11-cv-54, 2012 U.S. Dist. LEXIS 129463 (E.D. Tex. Aug. 7, 2012) ......................1, 3

*SynQor, Inc. v. Ericsson, Inc.*,
   No. 2:11-cv-00054-MHS-CMC (E.D. Tex. Oct. 4, 2011), ECF No. 142...................................3

*Therasense, Inc. v. Becton, Dickinson & Co.*,
   649 F.3d 1276 (Fed. Cir. 2011)............................................................................................5

*TiVo Inc. v. Echostar Commc'ns Corp.*,
   No. 2:04-cv-1, slip op. (E.D. Tex. Aug. 17, 2006) ..............................................................3

**Rule**

Fed. R. Civ. P. 9................................................................................................................2, 4

## I. INTRODUCTION

Samsung has failed to properly plead an inequitable conduct claim and nothing in its Opposition (Dkt. 184) explains or excuses that failure. Although Samsung acknowledges that it must "identify the specific who, what, when, where," how and why of any material misrepresentation or omission, Opp. at 4, it cannot point to any such factual allegations. And Samsung also concedes that facts—not legal arguments—must be pled such that a "court may reasonably infer that a specific individual both knew of invalidating information that was withheld from the PTO and withheld that information with a specific intent to deceive the PTO." *SynQor, Inc. v. Cisco Sys.*, No. 2:11-cv-54, 2012 U.S. Dist. LEXIS 129463, at *26 (E.D. Tex. Aug. 7, 2012). Yet it has not pled any facts upon which the Court may reasonably make such an inference.

Instead, Samsung argues that it may reassert its garden-variety validity defenses as inequitable conduct claims by "alleging generally" the requirements of "knowledge of the withheld material information or falsity of material misrepresentation" and "specific intent to deceive." Opp. at 4. That is wrong as a matter of law and disregards the stringent pleading standard required for charges of inequitable conduct. Samsung's seventh counterclaim and ninth affirmative defense alleging inequitable conduct should be dismissed without leave to amend.

## II. SAMSUNG HAS FAILED TO PLEAD INEQUITABLE CONDUCT

### A. Inequitable Conduct Defenses And Claims Require Particularized Allegations

The Federal Circuit requires that allegations of inequitable conduct "be stated with particularity," including "explicit rather than implied expressions of the circumstances constituting fraud." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326-27 (Fed. Cir. 2009). A "specific and demanding showing[] of evidence [is required] before a party may *assert* the defense of inequitable conduct." *Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1320 (Fed. Cir. 2010) (emphasis added).

Samsung argues that TiVo sets forth an evidentiary rather than a pleading standard. Opp. at 5. TiVo does not. TiVo does not contend that Samsung must prove its inequitable conduct claim. Instead, consistent with the pleading requirements set forth by the Federal Circuit and Rule 9, Samsung must plead all necessary elements with the required factual particularity.

### B. Samsung Has Not Pled That Kirk Wong Had Knowledge And Intent To Deceive As To Samsung's Arguments Concerning Priority Date

Samsung's allegation against Mr. Wong fails the Federal Circuit's test.[1] To defeat a motion to dismiss, a claim of inequitable conduct must include fact-specific and substantiated allegations that a reference was withheld or that a misrepresentation was made with the "requisite state of mind," *Exergen*, 575 F.3d at 1327, such that those facts "give rise to a reasonable inference of scienter." *Id*. at 1330. Samsung's allegation is devoid of any material facts, let alone facts supporting that inference. For example, without any specific facts, Samsung argues that "the '389 Patent does not support the '472 and '476 patents' disclosures." Opp. at 7; TAA at ¶¶ 88-90. Samsung further argues that TiVo's claimed priority date is "unmistakably false" and one for which "no reasonable patent practitioner" would argue. TAA at ¶¶ 84, 100. And Samsung argues that "Mr. Wong engaged in a pattern of misrepresentation," Opp. at 6, and that "mere misconduct 'cannot explain Mr. Wong's *ex post facto* efforts to modify the priority claim' or his [alleged] 'continued failure to notify the USPTO' of Samsung's allegations." *Id*. at 6. These are not facts; just unsubstantiated attorney argument.

The only "facts" asserted as to knowledge and intent are that Mr. Wong (i) submitted a response to an office action claiming priority to the '389 Patent's priority date; and (ii) has continued to prosecute TiVo's patent portfolio. These facts do not, and cannot, give rise to a

---

[1] Samsung appears to have dropped its assertion of inequitable conduct over the asserted priority date against anyone other than Mr. Wong. Opp. at 6 ("Who? Kirk Wong"). As a result, other "Applicants" are not specifically addressed in this Reply, although TiVo's arguments related to Mr. Wong apply with equal force to all other "Applicants."

"reasonable inference" that Mr. Wong had the knowledge *or* intent to deceive the Patent Office. As TiVo explained in its motion, prosecuting attorneys are free to amend an asserted priority date, as well as make other arguments to the Patent Office. Mot. at 7-8. That is all Mr. Wong is alleged to have done, and Samsung cannot point to any facts that transform arguments with which Samsung purports to disagree into a basis for a claim of fraud on the Patent Office. Mr. Wong's continued prosecution of related patents also does not give rise to a reasonable inference of intent to deceive. Indeed, that allegation is contrary to logic and merely impugns Mr. Wong's character without cause. *See TiVo Inc. v. Echostar Commc'ns Corp.*, No. 2:04-cv-1, slip op. at 8 (E.D. Tex. Aug. 17, 2006) ("Wong had a strong motivation ***not*** to withhold references from [or otherwise deceive] the Patent Office.") (emphasis added).

    **C.    Samsung Has Not Pled That Any Named Individual Had Knowledge And Intent To Deceive As To Non-Disclosure Of Alleged Series 1 Prior Art**

Samsung again fails to identify with specificity any person who allegedly intended to deceive the Patent Office. Opp. at 9; TAA at ¶¶ 106-113. The nonspecific term "applicants"—now defined as "named inventors and attorneys"—fails *Exergen's* most basic requirements. 575 F.3d at 1329; *see also, e.g., Mitsubishi Heavy Indus., Ltd. v. Gen. Elec. Co.*, 2012 WL 831525, at *2 (M.D. Fla. Mar. 12, 2012) (alleging "who" of inventors and/or attorneys insufficient).[2]

In addition, Samsung has not pled any facts—even "generally"—such that this Court could infer those "applicants'" had knowledge and intent. Opp. at 4 (noting scienter may be alleged "generally" under Rule 9). First, Samsung merely reasserts that "TiVo has admitted in this lawsuit

---

[2] Samsung's citation to *SynQor, Inc. v. Cisco Sys., Inc.*, is misplaced. Opp. at 6 n.5. In *SynQor*, the defendant did not allege misconduct as to "personnel and/or [] attorneys" generally, Opp. at 6 n.5, but *named* the relevant individuals. Answer at 18, *SynQor, Inc. v. Ericsson, Inc.*, No. 2:11-cv-00054-MHS-CMC (E.D. Tex. Oct. 4, 2011), ECF No. 142 (specifying "Dr. Martin Schlecht, James M. Smith, Esq. and Mr. Benjamin J. Sparrow, Esq."); *see also SynQor, Inc.*, 2012 U.S. Dist. LEXIS 129463, at *9 ("Vicor contends that during the prosecution of the '290 patent, SynQor's patent attorneys, Smith and Sparrow, and its CEO and named inventor, Dr. Schlecht, knowingly violated their duty of candor by hiding material information from the patent examiner.").

that the Series 1 practiced all claims." *Id*. at 9. As an initial matter, that is factually incorrect. TiVo has not taken a position on whether Series 1 practices all claims. Mot. at 10-11 n.3; 3rd Suppl. Resp. (Interrog. No. 16). But in any event, knowledge or admissions on *TiVo's* part in this lawsuit cannot be imputed individually to its employees, affiliates, or attorneys and thus are irrelevant. *See Exergen*, 575 F.3d at 1329 (requiring individual-specific allegations). Samsung must plead facts specific to the particular individuals it charges with inequitable conduct.[3] *See id.* at 1328. Second, Samsung's arguments regarding Series 1 rely entirely on the same baseless suppositions that unnamed "applicants" were aware that the '472 and '476 patents were not entitled to claim the same priority date as the '389 patent and thus the prosecuting attorney "lied" to the patent office. Opp. at 9. TiVo has explained how that allegation is not substantiated by any facts, Mot. at 6-9; section II.B., *supra*, and thus the argument fails here as well.

> D. **Samsung Has Not Pled That Any Individual Had Knowledge And Intent To Deceive As To Alleged Texas Instruments Prior Art**

Even if Samsung had specifically identified a "who" among Messrs. "Heaton, Chow, Lockett, Kao, and McInnis," Samsung has not adequately alleged the additional required elements of inequitable conduct as to any of these individuals. *Exergen*, 575 F.3d at 1330; *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols. P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (requiring specificity as to each element). For example, Samsung's ***only contention*** that these individuals had knowledge of the Texas Instruments ("TI") references, knowledge of the references' materiality, *and* deceptive intent is alleged "[u]pon information and belief." TAA at ¶¶ 117-118, 122. That is not sufficient as a matter of law. *See Exergen*, 575 F.3d at 1330.[4]

---

[3] Samsung cannot simply assert knowledge and intent "on information and belief" as a surrogate for pleading facts. "Threadbare recitals of the elements of a cause of action . . . do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] Samsung's defense of its reliance on "information and belief" lacks merit. Samsung argues that the relevant facts are still solely within TiVo's control because it "has just recently

Samsung has alleged no facts. Opp. at 12. General knowledge of references, *i.e.* "that the inventors were aware that TI was a large set-top box [] component supplier in 1998, were aware of TI products applicable to TiVo's STBs, and had access to publicly available materials describing the TI [products]" does not support any inference that individuals were aware of the *specific* TI references or of their alleged materiality, much less that they had any intent to deceive. *See 1st Media, LLC v. Elec. Arts, Inc.*, 694 F.3d 1367, 1374 (Fed. Cir. 2012).

### E.     Samsung Has Not Pled "Egregious Conduct"

Samsung's allegation that Mr. Wong was wrong about the '472 and '476 patents' priority date is insufficient to successfully plead "egregious conduct." Indeed, Samsung has failed to allege any knowledge of the allegedly false statement or any "planned and carefully executed scheme to defraud[.]" *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011); *id.* at 1293 (noting intent requirement). No facts in Samsung's pleading support such accusations.

## III.     THE COURT SHOULD NOT GRANT LEAVE TO AMEND

Samsung has failed to indicate any reasonable basis on which it expects to develop more facts in support of its assertions of fraud on the Patent Office. At the time of Samsung's amended counterclaim, it had deposed three of the five inventors, as well as Mr. Wong. In addition, Samsung has not sought email discovery from any of the allegedly implicated individuals. After months of discovery, Samsung should not be allowed to waste more of the Court's and TiVo's time and resources litigating these futile claims.

## IV.     CONCLUSION

TiVo respectfully requests that the Court dismiss Samsung's Counterclaim Count Seven and strike Samsung's Ninth Affirmative Defense without leave to amend.

---

begun receiving TiVo's email production, including those of the at-issue inventors . . ." Opp. at 12. But Samsung has not designated any of the listed inventors—Heaton, Chow, Kao, Lockett, or McInnis—as e-mail custodians under the ESI order.

Dated:  October 3, 2016                                       Respectfully submitted,

                 */s/ Thomas C. Werner*

                 **MCKOOL SMITH PC**
Sam Baxter, Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4016
Facsimile: (214) 978-4044

**IRELL & MANELLA LLP**
Morgan Chu
mchu@irell.com
Andrei Iancu
aiancu@irell.com
Richard M. Birnholz
rbirnholz@irell.com
Thomas C. Werner
twerner@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiff TiVo Inc.

## CERTIFICATE OF SERVICE

  I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 3rd day of October, 2016.

                 */s/ Thomas C. Werner*
                 Thomas C. Werner